JACOB MATNEY, Respondent, v. KANSAS CITY, SPRING-FIELD & MEMPHIS RAILROAD COMPANY, Appellant.

### St. Louis Court of Appeals, April 24, 1888.

1. EVIDENCE—INFERENTIAL SUFFICIENT.—Inferential or *prima-facie* evidence of material facts is sufficient to sustain a verdict, when there is no direct evidence to the contrary.

2. INSTRUCTION—ALTERNATIVE HYPOTHESES.—When an instruction contains two alternative hypotheses, one of which is proved by uncontroverted evidence, no prejudice can result from the presence of the other in the instruction, though it be not sustained by any testimony.

APPEAL from the Webster Circuit Court, HON. W. I. WALLACE, Judge.

*Affirmed.*

WALLACE PRATT and C. B. MCAFEE, for the appellant: The first instruction given for the plaintiff is erroneous. The statement alleges that the "horse was scared and ran into a trestle and fell through and upon the timbers thereof." It makes no allegation that the horse ran against any other object along the line of the road, but the instruction tells the jury that if the horse ran into the trestle, or any object along the line of the defendant's road, and was killed or injured, to find for plaintiff. There is no evidence that any train passed along the road to scare the horse. In the

absence of any evidence that a train passed over the road at all on the night that the horse got into the trestle, there is nothing upon which to base a presumption that defendant's trains scared him into it as charged in the complaint. *Railroad v. Harris*, 28 Kan. 206; *Bremer v. Railroad*, 61 Wis. 114.

J. F. KENDRICK, for the respondent: The only point in the evidence to which appellant seems to call the attention of the court is the negative declaration of witness Rippey, who while testifying that a train ran west on the road regularly at ten o'clock p. m. every day—further says: "But I don't know of a train passing at night." Surely if appellant desired to test that question—the knowledge of whether a train did or did not pass at the usual hour (ten p. m.) was in their possession—and if it had not so passed, defendant would surely have produced a conductor, engineer, or brakeman to have so testified. But appellant also complains of the first instruction given for plaintiff—in this, that it contains the words, "or other objects along the line of defendant's road." The answer to the objection of the appellant is that the instruction is almost a literal copy of the statute, but even if this were not the case, there is, and can be no controversy as to how the horse met with the injury that resulted in his death.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff filed the following statement before a justice of the peace, in an action. for damages under the act approved March 31, 1885. Laws 1885, p. 92.

"Plaintiff states that the defendant is a railroad corporation running and operating a railroad in the state of Missouri; that on or about the thirtieth day of October, 1885, plaintiff's horse strayed upon and got upon defendant's railroad in Finley township, in Webster county, Missouri, where the said railroad passes along, adjoining, enclosed and cultivated lands on one side,

and open and uncultivated lands on the other side, and where the defendant had failed and neglected to construct and maintain fences and cattle-guards; that defendant's passing engine and cars frightened plaintiff's horse at the place stated, so that said horse ran upon a trestle there being upon defendant's railroad, and fell through and upon the timbers of the same, being thereby bruised and mangled and from the effects of which he died, and by reasoning of frightening said horse and causing him to run upon said trestle, thereby killing him, whereby plaintiff is damaged in the sum of one hundred and fifty dollars, the value of said horse so damaged by reason of defendant's failure to construct and maintain cattle-guards."

Upon a trial in the circuit court there was judgment for plaintiff for the amount sued for.

The defendant appealing urges two exceptions: First, that the evidence fails to sustain the verdict, and next that the court misdirected the jury.

Plaintiff gave evidence tending to show that he put his horse into a pasture between sundown and dark; that the railroad right of way in the vicinity was wholly unfenced on either side; that the fence of plaintiff's pasture was down, and the horse got thence upon the railroad track and ran at full speed westwardly towards a trestle one hundred and fifty or two hundred yards distant; that there was next morning blood upon the trestle, and hair of the same color as the horse's hair, and that the animal was discovered within half a mile further on so badly bruised that he died from his injuries.

The plaintiff also gave evidence of the value of the animal, justifying the recovery in amount, and of the fact that a train bound westwardly passes the place about 10:50 o'clock p. m. There was no evidence that this train passed there on the night of the accident. While there was no direct evidence tending to show that the horse was frightened by a passing train, and thus received the injuries complained of, there was *prima-facie*, inferential evidence to that effect furnished by

plaintiff's testimony. From the fact that the train was due at the place at 10:50 p. m., the jury were authorized to infer that it did pass there at some time during the night. The fact that, in a rural neighborhood where people are asleep at an early hour of the night, the witnesses called for plaintiff did not hear the train pass in the night when this accident occurred, did not necessarily negative the inference that it did pass there that night as usual. If exceptionally no train passed there that night, it was easy enough for defendant to show it and thus rebut the inference. This the defendant failed to do.

The only complaint made of plaintiff's instruction is, that it does not limit the jury in their finding as to the cause of the injury, to the one mentioned in the statement, namely, that "the horse ran into the trestle," but adds or "into any other object along the line of defendant's road." As there was no evidence before the jury that the horse "ran into any other object," and as the evidence was uncontroverted that it ran into the trestle, the addition could not possibly prejudice the defendant.

Judgment affirmed. All concur.