JAMES EDWARDS, Appellant, v. FANNIE CRENSHAW, Administratrix of L. A. D. CRENSHAW, Respondent.

St. Louis Court of Appeals, April 24, 1888.

1. DEPOSITION, OMISSION OF PART.—When a party offers to read a deposition in evidence, the court commits no error in refusing his application for permission to omit a part thereof.

2. WITNESS — CREDIBILITY — EVIDENCE. — While a party may not impeach the credibility of his own witness, no rule prevents his proving by another witness that the first witness was in error as to a particular fact.

APPEAL from the Greene Circuit Court, HON. W. D. HUBBARD, Judge.

*Reversed and remanded.*

BOYD & DELANEY, for the appellant: That part of the deposition sought to be excluded by plaintiff should have been excluded. The testimony of Walter Crenshaw, taken altogether, and if true and competent, did not show a partnership between his father, L. A. D. Crenshaw, and plaintiff herein. *Wiggins v. Graham,* 51 Mo. 17; *Campbell v. Dent,* 54 Mo. 325; *Donnell v. Harshe,* 67 Mo. 170; *Musser v. Brink,* 68 Mo. 242; *Philips v. Samuel,* 76 Mo. 658; *McDonald v. Matney,* 82 Mo. 365; *Kellogg v. Farrel,* 88 Mo. 50; *Clifton v. Howard,* 89 Mo. 192; *Relley v. Gaines,* 24 Mo. App. 506. Besides, the account sued on is independent of such partnership. *Stone v. Wendover,* 2 Mo. App. 247; 10 Allen, 249; Parsons on Partnership, *163, 165, 268, 270. The further evidence offered by the plaintiff should have been admitted by the court. In itself it was competent, relevant, and material, and the fact that it tended to contradict, or even did contradict Walter Crenshaw, did not render it incompetent. *Brown v. Wood,* 19 Mo. 475; 16 Cent. Law Jour. 325; 1 Greenl. on Evid., secs. 442, 443; 2 Phil. Evid. [10 Ed.] 526; *Lawrence v. Barker,* 5 Wend. 301.

BENJAMIN U. MASSEY, for the respondent: The court committed no error in refusing to permit the plaintiff to read only a portion of Walter Crenshaw's deposition. *Prewit v. Martin,* 59 Mo. 325; *Norris v. Brunswick,* 73 Mo. 256. The circuit court committed no error in saying upon the testimony plaintiff was not entitled to recover, and in refusing to permit plaintiff to contradict the testimony he had himself offered. *Webb v. Liggett,* 6 Mo. App. 345; *Priest v. Chouteau,* 12 Mo. App. 252. There had been no settlement between the

partners, and no action at law would lie until after such settlement. *Scott v. Caruth*, 50 Mo. 120.

Peers, J., delivered the opinion of the court.

On the second day of May, 1885, the appellant presented for allowance in the probate court of Greene county, Missouri, the following claim against the estate of L. A. D. Crenshaw, deceased:

"Estate of L. A. D. Crenshaw to James P. Edwards, Dr.

1884.

| | | | | |
|---|---|---|---|---:|
| April 25-28, | Two Mules bought of | | W. H. F. Cooper... | $ 300 00 |
| "   30, | "   " | " | E. C. Powell....... | 300 00 |
| May 1, A'l 30, " | " | " | " Jackson Fugett.... | 300 00 |
| April 23, | One Mule | " | " W. T. Follman..... | 140 00 |
| "   29, | "   " | " | " W. B. Epps........ | 100 00 |
| "   " | "   " | " | " F. M. Prater....... | 140 00 |
| May, | Two Mules | " | " ——Williams.... | 250 00 |
| May 14, | One Mule | " | " Sam'l Young....... | 150 00 |
| February, | Two Mules | " | " S. N. Brockman.... | 150 00 |
| May 14, | One Mule | " | " F. M. Watson....... | 130 00 |
| Feb. 20, | Hogs | " | " Wm. Crumpley.... | 127 20 |
| Ap'l & May '84 | Cars and Bedding—1 car of hogs and 2 of mules from Springfield, Mo., to St. Louis, Mo...................... | | | 5 25 |
| May, | Two Halters............................ | | | 2 00 |
| May 16, | Shipping five mules belonging to L. A. D. Crenshaw—¼ of car load............ | | | 16 00 |
| May 22, '84, | Cash deposited in Greene County Bank... | | | 1,909 00 |

$4,010 55

Cr. by ac't of F. S. Jones and J. P. Edwards $ 68 00
"    Interest due said Crenshaw on interest
      paid by said Crenshaw on my account
      in Greene Co. Bank.................. 220 00
By filly bought of Crenshaw.............. 150 00    $ 438 00

$3,572 55

Credit cash per check on Greene Co. Bank, $1,200 00
"    "    "    "    "    "    "    "        600 00
By 5 mules sold for said Crenshaw....... 750 00  $2,550 00

Balance due............. $1,022 55
To expenses to St. Louis from Springfield,          7 50
4 Turkeys.................................          3 00

Total due.................. $1,033 05"

The claim was disallowed by the probate court and

defendant appealed to the circuit court of Greene county, where the case was tried by a jury.

The plaintiff to sustain the issues on his part offered to read the deposition of one Walter L. Crenshaw, which had been taken before a notary public in the city of St. Louis, which deposition among other things, contained the following :

"Q. Do you know J. P. Edwards of Springfield, Mo ?

"A. I do.

"Q. State whether you knew L. A. D. Crenshaw during his lifetime ?

"A. He was my father.

"Q. Do you know the signature on the back of these checks ? [ Witness is here shown exhibits A and B.] If so, state whose signature it is.

"A. It is the signature of L. A. D. Crenshaw, my father. I am familiar with his signature.

"Q. State whether or not you know any transactions between J. P. Edwards and your father with reference to horses and mules shipped to Crosswhite, Patton & Ruby, of St. Louis ? If so state fully what it is.

"A. I only know that they had some transactions regarding some shipments of stock. I remember only the general substance of what I heard in some conversations between Edwards and my father, and when I tried to make a settlement between them. The substance of this is as follows: I was asked by my father and Edwards to meet them in order to assist them in adjusting and settling their business. I met Mr. Edwards either two or three times at my father's for this purpose. Their transactions covered a period of eighteen months previous to September, 1884, which was the time of these meetings. They had been partners dealing in stock— cattle, horses, etc. My father furnished the money and Mr. Edwards did the work, or the most of it, and they shared the profits equally."

On offering to read this deposition the plaintiff asked leave of the court to omit that portion which states "they [meaning plaintiff and deceased] had been partners dealing in stock, cattle, horses, etc.;" this the court refused, and the entire deposition was thereupon read, the plaintiff saving exceptions to the ruling of the court. Plaintiff then offered further evidence tending to sustain the account sued on, and tending to prove that no partnership in fact existed between said Crenshaw and Edwards, and to prove a deposit of nineteen hundred dollars by Edwards to the credit of L. A. D. Crenshaw, all of which was excluded by the court on the ground that the testimony of Walter L. Crenshaw shows the existence of a partnership between Edwards and L. A. D. Crenshaw, to which ruling plaintiff objected and then and there excepted at the time.

The court refused a number of instructions offered by the plaintiff. The defendant offered no evidence, but asked the court to give the following instruction : "Under the law and the evidence the plaintiff is not entitled to recover." Which instruction the court gave to the jury, and thereupon the plaintiff took a nonsuit with leave. In due time he filed his motions to set aside the nonsuit, for a new trial, and in arrest of judgment, which motions being overruled he prosecutes his appeal.

There was no reversible error in the action of the court refusing plaintiff's request to omit that part of the deposition of the witness Walter L. Crenshaw, which referred to the partnership.

The law is well settled in this state "that one party may be permitted to read such portions of a former deposition as he desires, to discredit a witness, and the other party will then be entitled to read the remainder of the deposition; but it will not be error if the court requires the whole deposition to be read at once." *Prewitt v. Martin,* 59 Mo. 325 ; *Norris v. Brunswick,* 73 Mo. 256 ; *State v. Phillips,* 24 Mo. 475.

The testimony of this witness tended to prove an unsettled account between partners of their partnership

business and when the plaintiff offered to prove by other witnesses that no partnership in fact existed between Crenshaw and Edwards, and to prove a deposit of money by Edwards to the credit of Crenshaw, the proffered evidence was excluded by the court on the ground, no doubt, that the plaintiff was estopped by the testimony of this one witness. We think the court erred in this. It was important to the plaintiff to use Crenshaw's deposition because it tended to show not only the partnership, but that there was a balance due plaintiff from the deceased larger than the amount claimed. This did not preclude him from showing by other evidence that Crenshaw was mistaken in his statement that a partnership existed between the plaintiff and the deceased. The rule is that a party cannot impeach his own witness,—that is, he cannot, either by cross-examination or by independent evidence, attack the credibility of the witness. But he may call other witnesses whose testimony is different, even if by so doing he necessarily discredits his first witness. *Brown v. Wood*, 19 Mo. 475; *Dunn v. Dunnaker*, 87 Mo. 597.

The rejection of testimony offered by plaintiff tending to show that no partnership in fact existed between Crenshaw and Edwards was error which calls for a reversal.

The other judges concurring, the judgment is reversed and the cause remanded.