JOHN H. FIELDS, Respondent, v. WABASH RAILROAD
COMPANY, Appellant.

St. Louis Court of Appeals, May 23, 1899.

1. **Damages**: LOSS BY FIRE: DEMURRER: PLEADINGS. In the case at
bar, whilst the petition would have been held bad on a direct attack,
yet since the matters are only defectively stated, and were sufficient
to admit evidence in support of them and substantial evidence having
been adduced in support thereof, held, that it would have been error
to take the case from the jury.

2. **Practice, Appellate**: ERRONEOUS INSTRUCTIONS: REVERSAL.
Erroneous instructions are not grounds for reversal, where it is mani-
fest from undisputed facts that it could not have prejudiced the
defendant.

*Appeal from the Audrain Circuit Court.*—HON.
ELLIOTT M. HUGHES Judge.

W. W. FRY and RHODES CLAY for respondent.

The petition sufficiently charges ownership of the road
by defendant and of the property destroyed as that of plain-
tiff. Bondurant v. Ins. Co., 73 Mo. App. 477. As to the
proof, take John H. Fields' evidence. He locates his farm
and the Wabash railroad track. That he saw a train drawn
by a locomotive emitting smoke pass along said track when it
passed through his farm and the fire immediately followed
the passing train which destroyed his property. This made a
*prima facie* case for the plaintiff. In a case where proof of
negligence is required this court said: "The general rule is
that the plaintiff must adduce some evidence of the cause of
the injury, and that it resulted from the defendant's negli-
gence, but when the thing is shown to be in the management
of the defendant or his servants, and the accident is such as
under the ordinary course of things does not happen, if those

having the management use proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of proper care." Minster v. Railway, 53 Mo. App. 282. This was sufficient evidence and plaintiff was not required to produce a record of defendant's to the roadbed. It was sufficient evidence and made a *prima facie* case that the fire escaped from the engine hauling defendant's train, "in the absence of explanation by defendant" that the fire was set other than by locomotive. Minster v. Railway, *supra;* Walker Bros v. Railway, 68 Mo. App. 474. Defendant tried the case as an action under the statute as they put in no evidence as to the origin of the fire or other than the value of the property lost. Although an instruction given for the prevailing party is erroneous, yet if the verdict is for the right party under the evidence it will not be reversed. R. S. 1889, sec. 2303; Fairbanks v. Long, 91 Mo. 628.

GEO. S. GROVER for appellant.

The petition is fatally defective. R. S. 1889, vol. 1, sec. 2615, p. 662. The instruction given at plaintiff's request as to the cause of the fire was erroneous. R. S. 1889, vol. 1, sec. 2615, p. 662; Turner . v. Railroad, 78 Mo. 578. The verdict of the jury having been arrived at by an illegal method, it is erroneous and void, and therefore can not stand. 28 Am. and Eng. Ency. Law, 272, and cases cited; Sharp v. Railway, 114 Mo. 106.

BIGGS, J.—This is an action for damages for the destruction by fire of several stacks of hay, a meadow, a clover field, some fences, etc., on a farm claimed by the plaintiff. There was two fires, one in November, 1897, and the other in February, 1898. There were two counts in the petition. In the first it was averred that plaintiff was the owner of the farm; "that the railroad of defendant runs  *  *  *  through

the farm; that on the 17th day of November, 1897, a certain engine and train of cars were drawn over defendant's said road at the point where said road runs through the premises of plaintiff; that said engine was so defectively and improperly built and constructed, and it and said train of cars were so carelessly, negligently and unskilfully managed by the agents, servants and employees of defendant in charge thereof, that fire escaped from the said engine and train of cars and set fire to the grass and fences of plaintiff on said farm * * * all on plaintiff's said premises, to plaintiff's damage, and the same did damage plaintiff by the destruction of plaintiff's property on said premises," etc. In the second count the plaintiff repeats the allegation of his ownership of the farm and continuing avers, "that the railroad of the defendant did not run * * * through the south side of plaintiff's said farm; that on the 2d day of February, 1898, a certain locomotive was in use on said railroad of defendant operated along and through said county * * * that said locomotive was so defectively and improperly built and constructed, and was so carelessly, negligently and unskilfully managed by the agents, servants and employees of defendant in charge thereof, that fire escaped from said locomotive and train of cars and set fire to the grass of plaintiff and totally consumed and destroyed fifty acres of meadow on plaintiff's said farm, to plaintiff's damage," etc.

The answer is a general denial. There was a trial before a jury resulting in a verdict of $335 on the first count, and $45 on the second. A judgment was entered for $380, from which the defendant has appealed.

At the close of all the evidence the defendant asked the circuit court to instruct that under the pleadings and evidence the plaintiff could not recover. The argument in support of this is to the effect that if the action be treated as one at common law for negligence, it must fail for the reason that the plaintiff did not prove negligence, and further that there

could be no recovery under the statute (R. S. 1889, sec. 2615), for the reason that the petition fails to state a cause of action thereunder. Although the petition alleges negligence, there was no attempt to prove it. The case was not submitted on any such theory, therefore that view of the case may be put aside. Notwithstanding the form of the petition if its averments are sufficient to bring the case within the statute, a recovery thereunder will be upheld. Campbell v. Railroad, 121 Mo. 340. The section of the statute reads as follows: "Each railroad corporation owning or operating a railroad in this state shall be responsible in damages to every person and corporation whose property may be injured or destroyed by fire communicated directly or indirectly by locomotive engines in use upon the railroad owned or operated by such railroad corporations, and each such railroad corporation shall have an insurable interest in the property upon the route of the railroad owned or operated by it, and may procure insurance thereon in its own behalf for its protection against such damages." It must be admitted that both the alleged ownership by the defendant of the railroad mentioned and the ownership by plaintiff of the property destroyed are badly pleaded. The petition would have been held bad on a direct attack. The matters, however, are only defectively stated and were sufficient to admit evidence in support of them, and substantial evidence having been adduced in support of both it would have been error to take the case from the jury. This is the established rule of practice in this state and needs no citation of authorities.

It is urged that the judgment must be reversed on account of errors in plaintiff's instructions. The third instruction given for plaintiff is as follows: "The court instructs the jury that if they believe from the evidence that plaintiff's property was destroyed by fire thrown from a passing engine or train of defendant while being run on defendant's railroad, then the jury will find for the plaintiff." Unquestionably

this instruction is incorrect. To recover under the statute the fire must have been communicated by the engine, whereas the instruction tells the jury to find for plaintiff if the fire was communicated by the engine or train. The question is was the instruction prejudicial? Erroneous in- structions are not grounds for reversal, where it is manifest from undisputed facts that it could not have prejudiced the defendant. Loeffler v. Packet Co., 7 Mo. App. 185; Kelly v. Clancy, 15 Mo. App. 519; Breckenridge v. Ins. Co., 87 Mo. 62; Matney v. Railway, 30 Mo. App. 507. If the result arrived at was the only proper one under the evidence, the judgment should not be reversed for errors in the instructions. Fitzgerald v. Bar- ker, 96 Mo. 661; Sinclair v. Bradley, 52 Mo. 180. An appli- cation of these principles to the facts compels us to overrule this assignment. The evidence is that the railroad approaches and passes through the western portion of plaintiff's farm on a steep grade; that the fire started on or near the right of way of the railroad on that portion of the farm, and that the fire sprang up immediately after a train had passed going east. There was no attempt to show that the fire was communicated by the train apart from the engine, and all of the facts tend to show the improbability of such a thing. If the case should be retried on correct instructions there would be no reasonable ground to believe that the trier or triers of the fact would find that the fire did not come from the engine. Thus it would be useless to force the plaintiff to incur the expense of another trial.

*Instructions criticised.*

There is a question in the case that is not free of diffi- culty. Upon the backs of two instructions appear two col- umns of figures which were added and the totals divided by twelve. One quotient was $335, the amount of the finding of the jury on the first count, and the other $45, the damages as- sessed on the second count. The bill of exceptions contains the recital that the figures were not on the instructions when

finally delivered to the jury, but were on them when returned by the jury with the verdict.    Quotient verdicts have been condemned by all courts.    (Sharp v. Railway, 114 Mo. 94; Sawyer v. Railway, 37 Mo. 240; State v. Branstetter, 65 Mo. 156), provided they are the result of previous agreements. Such findings are justly condemned for the reason that they are not the result of the combined judgment of the jurors. If, however, the amount named by each juror is in the nature of a proposition, and there is no previous agreement to abide by the average amount, but the average amount is finally agreed on by the entire jury as their verdict, there would be nothing wrong in this.    Such a verdict would be the deliberate judgment of the entire jury, which satisfies the law.    (2 Thompson on Trials, section 2602, and authorities cited.)    Now we may concede for the argument that the facts and circumstances are sufficient to show that the verdicts in this case were quotient verdicts, but there is nothing to show that there was a previous agreement that the average amounts, whatever they might be, should be the findings of the jury.    This is the vitiating fact.    In the absence of such proof the presumption that the jury adopted the proper method as suggested and not the improper one, must prevail.    The presumption of right acting, which attends all judicial conduct, obtains in favor of the deliberations of juries.    2 Thompson on Trials, sec. 2616.

Finding no reversible error in the record, the judgment will be affirmed.    All concur.