JONES, Respondent, v. PIONEER COOPERAGE
COMPANY, Appellant.

### St. Louis Court of Appeals, December 1, 1908.

1. **MASTER AND SERVANT: Negligence of Servant: Overtaxing Strength.** If a servant, in attempting to perform some service for his master that is beyond his strength, is injured as a result of his own over-estimation of his strength, he cannot recover for the injury received.

2. ———: **Pleading: Variance.** Where an employee was engaged in piling stave bolts on a high rick and was injured by reason of catching his foot upon some object upon the ground and stumbling so that the bolt he was carrying crushed his hand, he could not recover in an action for the injury when his petition alleged as the ground for recovery that the defendant was negligent in ordering him to pile the bolts on a rick which was in an unsafe condition.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,*
Judge.

REVERSED.

*Percy Werner,* for appellant; *N. A. Mozley, Esq.,*
of counsel.

(1)    Every man is the judge of his own physical capacity, and if he injures himself by miscalculating this, or overstraining himself, and injury result therefrom, he cannot recover damages from the employer for whom he voluntarily undertook to do such work. Haviland v. Railroad, 172 Mo. 106; Leitner v. Grieb, 104 Mo. App. 173. (2)    The court erred in allowing evidence to go to the jury to the effect that defendant's liability against damages in this case had been insured, and that if plaintiff obtained a judgment, the insurance company, and not the defendant would have to pay the judgment. Berning v. Medart, 56 Mo. 449; Saller v. Shoe Co., — Mo. App. —; Cosselmon v. Dunfee, 172 N. Y. 507; Coe v. Van Why, 33 Col. 320; Manigold v.

Traction Co., 80 N. Y. Supp. 861; Lipschitz v. Ross, 84 N. Y. Supp. 632; Lassig v. Barsky, 87 N. Y. Supp. 425; Hoyt v. Davis Mfg. Co., 98 N. Y. Supp. 1031; Tremblay v. Harnden, 162 Mass. 383; Grant v. Varney, 21 Col. 329; Tucker v. Henniker, 41 N. H. 317; Eckart & Swan M. Co. v. Schaeffer, 101 Ill. App. 500; Herrin v. Daly, 80 Miss. 340; Sawyer v. Shoe Co., 90 Me. 369; Loughlin v. Brassil, 79 N. E. 854; Coal & Coke Co. v. Swan (Ill.), 89 N. E. 694.

*H. S. Green* for respondent.

(1) "Within the rule requiring an employer to furnish safe implements and 'appliances' for doing the work, the term embraces not only machinery, premises and all the implements of every kind used in about the business, but also the persons employed to operate them, and the master must furnish a sufficient number of persons competent to perform the labor safely. Johnson v. Water Co., 37 N. W. 823; Stoddard v. Railroad, 65 Mo. 514; Craig v. Railroad, 54 Mo. App. 526; 20 Am. and Eng. Ency. L., p. 91; Relged v. Railroad, 19 S. W. 1116; Harty v. Railroad, 95 Mo. 368; Railroad v. Semorris (Ky.), 51 S. W. 612 I. (2) It is contrary to public policy to allow the master to relieve himself by contract from liability for his own negligence. What the law forbids to be done by express contract, it will not allow to be done by implying a contract. The servant assumes the risks of danger incident to the employment, but he never assumes the risks of his master's negligence. Curtis v. McNair, 173 Mo. 280; Cole v. Transit Co., 183 Mo. 94; Lee v. Railroad, 87 S. W. 12. (3) The risks incident to the business, such as a brakeman slipping and falling in an effort to couple cars, the servant assumes, and these only. If the appliances furnished are unsafe, the master is liable unless the servant is guilty of contributory negligence, and the servant is not guilty of contributory negligence unless

the peril of using the appliances are so open and glaring that only a reckless person would attempt to use them.    Beard v. Car Company, 72 Mo. App. 583; Parsons v. Packing Co., 96 Mo. App. 381; Reames v. Dry Goods Co., 99 Mo. App. 402; Westore v. Mining Co., 105 Mo. App. 708.

STATEMENT.—In November, 1904, plaintiff was employed as a common laborer by defendant, at its stave mill at Bloomfield, Missouri.   On January 6, 1905, he was put to carrying stave bolts from a car and stacking them in ricks.    The bolts were unusually large and heavy and the rick upon which plaintiff was putting the bolts was high; as he approached the rick and was preparing to place a bolt on it, his foot caught on a piece of bark, or some other obstruction, causing him to stumble forward against the rick and his thumb was caught between the rick and the bolt he was carrying and so badly broken that it had to be amputated between the nail and the first joint.    The action is to recover damages for the injury.    Plaintiff recovered judgment for the sum of $300, from which defendant appealed.

The petition alleged "that defendant was guilty of negligence in not procuring the necessary appliances in the way of scaffolding, so as to prevent the employees of defendant from undergoing great danger to their lives and limbs, and said defendant was also guilty of negligence in not procuring laborers enough to carry and rick said bolts in safety, and defendant was further guilty of negligence in directing plaintiff to leave his regular employment and assist in unloading said carload of bolts, without warning him of the danger of defendant's said method of doing said business and which danger and hazard was well known to defendant, or should have been known to it and which were unknown to the plaintiff."

The answer admitted plaintiff was employed by defendant and that he was injured on January 6, 1905, but denied every other allegation in the petition, and for further answer says "that plaintiff's said injuries were sustained as the result of his own want of ordinary care in failing to withdraw his hand from under the oak bolt or timber which he was handling, in time to prevent its being caught between it and the pile upon which he was placing it.

"And for further answer, defendant says that the size and weight of the said oak bolts or timbers and the danger of lifting and handling same as plaintiff was doing in the said work in which he was engaged, were open and obvious and readily ascertainable by him, and that he voluntarily engaged in said work and assumed the risks of injury therefrom."

Plaintiff testified that at the time he was injured he was twenty-four years old and weighed one hundred and seventeen pounds; that when he applied for work he was asked by the superintendent if he could "buck bolts," meaning could be unload stave bolts from cars and put them in ricks, and he answered that he "thought he could buck any ordinary bolt," and was hired at $1.25 per day and put to work wheeling bark and splinters from the saw to the furnace, and continued in this occupation most of the time until the day he was hurt; that on several occasions previous to being injured, he had assisted in unloading bolts from the cars and stacking them in ricks. Plaintiff's evidence shows that on the day he was injured three or four cars of heavy oak bolts were standing on a side track in defendant's yards to be unloaded; that the yards were crowded with bolts and for want of room the foreman, when he ordered the men to unload the cars, told them there was not much room left in the yards and to "pile the ricks high." The manner of unloading was for two or three men to get inside the car (they were

box cars) and hand the bolts out to the men on the ground, who would then carry them and place them on the ricks; that the bolts being unloaded on January 6th would weigh from one to two hundred pounds and when a bolt was handed out that was too heavy for one man to handle, it would be thrown on the ground and then picked up and taken to the rick by two men. The rick on which plaintiff mashed his thumb was about five feet high.

Plaintiff testified as follows: "On the sixth of January, I was out there carrying bolts, and in taking one from the car to pile on the rick, and I went to throw the bolt up, and I kinder fell toward the stock a little and my thumb slipped off the bolt and went under it in a way to catch myself, and I raised the bolt up and pulled my thumb out; and I pulled my glove off and saw it was mashed all to pieces; and I showed it to Mr. Sitton and he saw it was all mashed to pieces, and I went and saw a doctor and had it cut off." On cross-examination plaintiff stated that at the time he was injured he though he could "buck any ordinary bolt."

The evidence tends to show that if some kind of scaffolding had been provided it would have been easier and safer for the men to place bolts on the high ricks (as much as five feet high); that no scaffolding or anything for the men to step on was placed at the high ricks. The evidence tends to show that it was the orders of the foreman, and the common practice, to place the heavy bolts on the ground at the bottom of the ricks, but it shows that all the bolts to be unloaded on the sixth of January were large and heavy, and that the men were ordered to "pile the ricks high." There was no evidence as to the usual and ordinary method of placing heavy bolts on ricks five feet high or over.

BLAND, P. J. (after stating the facts).—1. At the close of plaintiff's evidence, defendant moved the court to instruct that he could not recover. The refusal of the court to grant this instruction is assigned as error. The contention is that plaintiff's injury resulted from overexertion in trying to do something beyond his strength and was the result of his own overestimation of his strength; if this contention is borne out by the evidence then plaintiff cannot recover. [Haviland v. Railway, 172 Mo. 106.] We do not understand that plaintiff predicates his right of action on the fact that he was ordered by the foreman to do work beyond his strength, but on the fact that reasonably safe appliances were not provided for doing the work, in that defendant failed to provide some sort of scaffolding at the high ricks for the men to ascend to place the bolts, or to place a man on top of the ricks to assist the carrier to land the bolts. Plaintiff testified that to land the bolts on top of the rick he (as he had been instructed to do by the foreman) placed one end of the bolt against his chest and, holding to the other end with both hands, shoved the bolt on top of the rick; that he had the bolt in this position, preparatory to landing it, when he stumbled by his foot being caught by something on the ground, causing him to rush forward against the rick and mash his thumb. The position in which plaintiff testified he was required to hold the bolt and lift it to the rick was one of strain. Had scaffolding been provided, the bolt could have been landed on the rick from the shoulder of the carrier and there would have been no necessity of shifting it from the shoulder to the position plaintiff described in order to place it on the rick, hence plaintiff's exposure to danger of overstrain in the performance of his work was greater than it would have been had defendant provided scaffolding, or other elevation which plaintiff could have mounted to land the bolts on the

rick.   But the injury did not result from overstrain. It was caused by plaintiff catching his foot in some object on the ground which caused him to pitch or stumble forward against the rick, catching his thumb between the rick and the bolt he had in the position described, and we think the proximate cause of the injury was the object in which he caught his foot, not the absence of scaffolding or the height of the rick. If so, then plaintiff cannot recover, for the reason the petition does not allege that the ground over which he was required to travel from the car to the rick was in an unsafe condition, or obstructed by litter or other objects which caused him to stumble or pitch forward against the rick.   The labor plaintiff was required to do was very simple and of every ordinary character, requiring neither skill or much experience.   It was not attended by any apparent danger, or any danger that any reasonable man would or could foresee.   Only such risk as was incident to the employment could be foreseen or anticipated.   The risk was as well known, was as obvious to plaintiff as to defendant, and was therefore assumed by plaintiff.   [Knorpp v. Wagner, 195 Mo. 637; Beasley v. Linehan Transfer Co., 148 Mo. 413; Bradley v. Railway, 138 Mo. 293; Lee v. Railroad, 112 Mo. App. 372.]   We think on plaintiff's own evidence the injury was the result of mere accident, not attributable to any negligence of defendant, and that defendant's demurrer to the evidence should have been given.

The judgment is reversed.   All concur.