# FRED SMITH, Respondent, v. A. W. GREER, Appellant.

### In the Springfield Court of Appeals, January 7, 1924.

1. **EVIDENCE: Question Held not Leading as Calling for Conclusion.** In an action for injuries sustained by plaintiff while moving a joist, it was not error, as calling for a conclusion respecting a matter of fact to be determined by the jury, to ask plaintiff how many men were necessary to move the joist.

2. **WITNESSES: Leading Questions.** Leading questions do not constitute reversible error, where not made with a view of improperly bringing out the facts before the jury.

3. ————: **Leading Questions.** The propriety of leading questions is always a matter of much discretion with the trial court.

4. **TRIAL PRACTICE: Instruction Correct in Part Properly Refused.** In an action for injuries sustained by plaintiff while moving a joist, an instruction, correct in part, but which eliminated the question of insufficient help in moving the joist, when the evidence tended to show that there was insufficient help, and that plaintiff was entitled to go to the jury on that question was properly refused.

5. **MASTER AND SERVANT: Negligence Held for Jury.** In an action for injuries sustained by plaintiff while moving a joist, it was a question for the jury to say whether employer had exercised the degree of care required by him under the law when he required two men to handle a joist weighing 450 pounds, and being twenty-four feet long, where there was an obstruction placed by him on the floor in the direct path over which they had to walk and carry the load; and likewise in leaving the obstruction in the path in which they had to move.

6. **TRIAL PRACTICE: Instruction Held not Erroneous.** In an action for injuries sustained by plaintiff while moving a joist, an instruction which submitted the question whether plaintiff's helper stumbled over the protruding leg of a table or a plank resting on the floor, was not misleading or prejudicial where the testimony was uncontradicted that he stumbled over the plank and there was no evidence that he stumbled over the leg.

Smith v. Greer.

7. NEGLIGENCE: Need not be Defined. The failure of the court to define the word "negligence" is not reversible error.

8. TRIAL PRACTICE: Instruction Held not Reversible Error, In an action for injuries, where there was no plea of contributory negligence, yet an instruction was given for plaintiff, telling the jury that the defendant had pleaded contributory negligence, and placing the burden of proof on defendant, there was no reversible error committed.

9. INSTRUCTIONS: Instruction, Though Long, not Reversible Error. In an action for injuries, an instruction which, though entirely too long, did submit to the jury two grounds of negligence which were suported by the evidence, was not reversible error, where there was no sharp issue of fact made by defendant, and no evidence or contradiction as to the material evidence on the two charges which were submitted in the instruction.

10. ————: Instructions Should State Ultimate Facts. Instructions should state the ultimate facts and not the evidence.

11. TRIAL PRACTICE: Improper Remarks of Counsel. Where attorney in his argument to the jury made a statement that was not borne out by the evidence nor pleaded, and upon objection made, the court immediately told the jury not to regard the statement, the statement not being of an inflammatory or malicious nature, the court did not commit error in not proceeding further and reprimanding the attorney.

12. MASTER AND SERVANT: Negligence Held for Jury. In an action for injuries sustained by plaintiff while carrying a joist, whether or not the employer was negligent with the colaborer of of plaintiff in laying the plank on the floor and requiring the joist to be carried was for the jury.

13. ————: Concurrent Negligence of Employer and Fellow-Servant Actionable. If employer's negligence enters into an injury with that of fellow-servant, a recovery by plaintiff against employer may be had.

14. ————: Recovery for Injuries not Barred by Knowledge of Dangerous Conditions. That plaintiff, helping to carry a joist when he tripped over a plank, knew the danger of the conditions, would not bar a recovery on the ground that he had assumed the risk, in absence of a showing that the conditions were so glaringly dangerous as to convict him of negligence as a matter of law.

15. NEGLIGENCE: Anticipation of Actual Injury from Act Unnecessary. One does not have to anticipate the actual injury or

Smith v. Greer.

damage that finally occurs by some wanton act of his, but will be held liable for anything which, after the injury is complete, appears to have been a natural and probable consequence of his act or omission.

16. **DAMAGES: Verdict for Injuries Held not Excessive.** A verdict of $4000 is not excessive, where there was a partial dislocation of a vertebra of the spine, affecting the bowels, bladder and sciatic nerve, physicians being unable to say whether the condition would be permanent, and in view of the amount earned by plaintiff before and since the injury.

17. **VERDICT: Verdict Held not Ambiguous.** That the names of eight jurors were signed on a paper under the form of a verdict for plaintiff, and one other name was under the form of the verdict for defendant, but it appearing upon examination of the ninth juryman that he intended to render a verdict for plaintiff, and that he signed in the place that he did because there was no room on the paper to find for plaintiff, was insufficient to render the verdict void for ambiguity.

Appeal from the Circuit Court of Butler County.—*Hon. Almon Ing*, Judge.

AFFIRMED.

*Sheppard & Sheppard* for appellant.

*L. E. Tedrick* and *Sam M. Phillips* for respondent.

FARRINGTON, J.—The plaintiff recovered a judgment in the circuit court as a result of a trial by jury for $4000, for personal injuries received by him while employed by appellant in crowning joists by means of a band saw.

Several grounds of negligence were charged in the petition but only two were submitted to the jury in plaintiff's principal instruction. One of these was that the appellant furnished an insufficient number of men to do the work, and the other ground that he permitted planks, upon which the legs of a horse supporting a platform or

table rested, to extend out beyond the table or platform at a place where they were liable to trip employees of defendant while working around the table. The petition further alleges that he and a co-employee by name of Cox were turning one of the joists in order that it might be crowned, and in doing so Cox tripped over one of the boards which protruded on the floor some two or three inches, causing him to fall and thereby throwing the entire weight of the joist onto the plaintiff causing him to fall and injure his back.

A phalanx of objections are made on the trial below which we will take up in order.

First, it is charged that witnesses were permitted to testify to conclusions respecting matters of fact to be ultimately found by the jury, as well as objections on questions charged to have been leading. We have gone over these objections and the evidence carefully and will merely pass them by holding that the error, if any, was not of a reversible nature. It was not error to ask the plaintiff how many men were necessary to move the joist in question. The case of Bowman v. Kansas City Elec. Light Co., 213 S. W. 161, is an authority for this statement of the law. Such questions as were shown to be leading do not impress us with having been made with a view of improperly bringing out the facts before this jury. This is, however, always a matter of much discretion with the trial court. [Flynn v. Kansas City Rys. Co., 226 S. W. 974.]

The defendant asked an instruction, No. 4-a, which eliminated two of the charges of negligence made in the petition. One was as to sufficiency of the men, and the other was as to the use of a band saw. Had the instruction only contained the charge as to the band saw, it should have been given. It, however, was proper to refuse it because it did eliminate the question of insufficient help when the evidence tended to show that there was insufficient help, and the plaintiff was entitled to go to the jury on that question and did go to the jury on that question in its principal instruction. The evidence shows

that the weight of this joist that plaintiff and his co-laborer were handling was 450 lbs., twenty-four feet long, fourteen inches wide, two and one-half inches thick. To properly crown this joist under the method adopted by the defendant it was necessary, first, to bevel off one end of the joist with a band saw and then turn the joist around and bevel off the other end. This injury occurred while they were turning one of the joists after having worked at this job for several days. The plaintiff's version is that as he was carrying the north end of the joist around to crown off that end and his co-helper was carrying the south end of the joist, and as his co-helper undertook to walk around the south end of the table he tripped over the planks which had been placed on the floor to make the table higher, and that they both fell or went down, causing him the injuries complained of. The only other witness to the injury was plaintiff's co-helper, and he corroborates plaintiff in the fact that he himself tripped over this plank which had been placed on the floor, thus causing the weight to go on plaintiff which caused plaintiff to fall.

There is some conflict in their testimony as to just what they were doing with the joists at the time of the injury, and some conflict as to the time of day that it happened. But on the material question at issue, which was, whether the helper had tripped over the planks which had been placed on the floor and caused the plaintiff to fall, there is no material difference in their testimony.

We think that it was entirely a question for the jury to say whether an employer had exercised the degree of care required of him under the law when he requires two men to handle a joist of the dimensions and weight that we have heretofore set out where there is an obstruction placed by him on the floor in the direct path over which they are to walk and carry this load. Likewise it is a question of fact for the jury to determine whether he was negligent in leaving the plank in the path in which they were to move in carrying on their work under these con-

ditions. [See Tull v. Railroad, 216 S. W. 572, and Jones v. Queen City Wood Works & Lumber Co., 239 S. W. 532.]

It is argued that plaintiff's instruction No. 1 is erroneous in that it submits the question of whether plaintiff's helper stumbled over the protruding leg of the table or plank resting on the floor. The testimony is uncontradicted that he stumbled over the plank on the floor under the leg or the support of the table. While there was no evidence that he did stumble over the leg, it certainly could not have been misleading or prejudicial. As an authority for this, see Matney v. K. C., S. & M. R. R. Co., 30 Mo. App. 510. [Fields v. Wabash R. R. Co., 80 Mo. App. 603, l. c. 607.]

Again, it is charged that the court did not define the word "negligence." This is not reversible error. [Malone v. St. L. & S. F. R. R. Co., 202 Mo. App. 489, 213 S. W. l. c. 867.]

The answer in this case was, first, a general denial; that the injury was the result of an unavoidable accident or negligence of a fellow servant, and a plea of assumption of risk. There was no plea of contributory negligence, yet the plaintiff asked an instruction, which was given, telling the jury that the defendant in its answer, among other defenses, plead contributory negligence, and then went farther, as the usual instruction does, telling them the burden was on defendant. It was undoubtedly error to have given this instruction, but it has been held a number of times that this is not reversible error. [Sprinkles v. Mo. Public Utilities Co., 183 S. W. l. c. 1075; Trebbe v. American Steel Foundries, 185 S. W. l. c. 183.]

It is next contended that the plainiff's instruction No. 1 was erroneous because it was entirely too long and required a detailed finding of facts. We have no hesitancy whatever in saying that had the trial court refused to give this instruction we would have supported his ruling, but on a careful reading of the same (it covering over three full pages of closely printed matter) it does submit to the jury two grounds of negligence which are

supported by the evidence, and we cannot say that it is so worded as to have misled the jury into believing that other grounds than these two, which the evidence sustained, were incorporated in it. The same rule which applies to pleading, that is, that the ultimate facts should be stated and the evidence not pleaded, should apply to instructions. The instruction should be framed so as to require the jury only to find ultimate facts with regard to liability. The issue which this prolix and verbose instruction submitted should have been framed in from one-half to three-fourths of a page. We hold that this instruction is erroneous on account of its great length and mass of recited and pleaded facts, but in view of the fact that there was no sharp issue of fact made by the defendant in the case, no evidence having been offered by the defendant, no contradiction as to the material evidence on the two charges which are submitted in the instruction, we cannot hold that the error is reversible.

The questions for the jury to answer in this case were, whether the uncontradicted evidence, that is, insufficient help and leaving an obstruction in the passage-way which men heavily laden must walk, was negligence.

It is contended that the court erred in not reprimanding the plaintiff's attorney during his argument to the jury: The attorney had made a statement that was not borne out by the evidence nor pleaded in the case as a ground of negligence, and on objection by defendant's attorney the court immediately told the jury as follows: "The jury is instructed not to regard the statement." This was not a statement, as it shows on its face, that was inflammatory or of a malicious nature. It should not have been brought into the argument, and the court properly told the jury to disregard it. This certainly took any error that it might have been to have stated it out of the case, and we cannot hold that the court committed error in not proceeding further and reprimanding the attorney for the statement.

216 M. A.—11

Appellant contends that the version given by Cox, plaintiff's co-helper and witness, shows that he himself was guilty of negligence in stumbling over the board on the floor, and being a fellow-servant his negligence would not hold defendant. It may be true that it was to some extent the co-laborer's negligence, but it was for the jury to say whether or not the defendant was negligent with the co-laborer in laying the plank on the floor and requiring the load to be carried that was being carried. If his negligence entered into the injury with the fellow-servant, the plaintiff can recover from him. [See Amick v. Kansas City, 187 S. W. 582; Wright v. Hamilton Packing Co., 199 S. W. 754; Beck v. Galloway-Pease Lumber Co., 139 S. W. 166.]

Merely because the plaintiff in this case constructed this table, and knew that these planks were there, would not bar him on the ground that he had assumed the risk of working under those conditions. If it was negligence on defendant's part then the plaintiff is not barred, as there is nothing in the case showing that the condition was so glaringly dangerous as to convict him of negligence as a matter of law. [Tull v. Kansas City Southern Ry. Co., 216 S. W. 572.]

The law is well settled that one does not have to anticipate the actual injury or damage that finally occurs by some wanton act of his, but will be held liable for anything which, after the injury is complete, appears to have been a natural and probable consequence of his act or omission. [Greer v. St. Louis, I. M. & S. R. R. Co., 173 Mo. App. 276, 158 S. W. 740.]

It is further contended that the verdict is excessive. The evidence shows that there was a partial dislocation of a vertebra of the spine, affecting the functions of the bowels, bladder and sciatic nerve, and while no physician stated that it would remain permanent, none testified that he would fully recover. One physician testified that he had tried to remedy the condition but so far had been unable to do much toward relieving it.

The instruction on the measure of damages, asked by the plaintiff, did not allow for permanent damages. Plaintiff's evidence showed that from the date of his injury to the time of the trial he had been unable to have a steady job, and when he was hurt he was making $100 a month. We are unable to say that the size of the verdict, under the evidence, is indicative of prejudice and passion and therefore must rule this point against appellant.

It is lastly contended that the verdict of the jury is so ambiguous that no judgment can be based upon it. Evidently when the jury was sent out to consider this case two forms of verdict were handed them, both on the same piece of paper, one of which read. "We, the jury in the above entitled cause, find the issues for the plaintiff and assess his damages at ——— Dollars," leaving a line for the foreman to sign. The other, "We, the jury in the above entitled cause, find the issues for the defendant," leaving a line for the foreman to sign. There are nine names signed on this paper, eight of them just under the form of the verdict for plaintiff, the other just under the form written for them to sign in case they found for the defendant. It, however, is on a straight line just under the eight who signed for the plaintiff, and the eighth man signing for the plaintiff signed so closely on the form fixed for the defendant that it left no room for another to sign. This juryman was placed on the stand on the hearing of the motion for a new trial and testified that he intended and did sign the verdict for the plaintiff. The original verdict was displayed to this court at the oral argument and on examining it, it was apparent to this court that the only reason that the last juryman signing it did not sign above the form written for them to sign in case they found for the plaintiff, was that there was insufficient room. As we view this verdict it was not in ambiguous form but was for the plaintiff, signed by nine of the jurymen. The form of this verdict was set out in appellant's abstract, and the way it was

copied does not fairly represent the facts concerning it when the original verdict is examined.

Finding no reversible error in this case, the judgment is affirmed. *Cox, P. J.*, and *Bradley, J.*, concur.