## McFARLAND v. B. F. GOODRICH RUBBER CO. et al.

### No. 8874.

Circuit Court of Appeals, Eighth Circuit.

Feb. 13, 1931.

O. C. Mosman, of Kansas City, Mo. (Mosman, Rogers & Buzard, of Kansas City, Mo., Pross T. Cross, of Lathrop, Mo., and Don E. Black, of Kansas City, Mo., on the brief), for appellant.

Paul G. Koontz, of Kansas City, Mo. (Harris & Koontz, of Kansas City, Mo., on the brief), for appellee B. F. Goodrich Rubber Co.

Mertsheimer & O'Donnell, of Kansas City, Mo., for appellee A. M. Peterson.

Before STONE and BOOTH, Circuit Judges, and DEWEY, District Judge.

BOOTH, Circuit Judge.

This is an appeal from a judgment dismissing an action for want of prosecution after plaintiff had declined to proceed further in the action, his motion to remand the case to the state court having been denied. The action was for damages on account of personal injuries, and was commenced in the state circuit court of Jackson county, Mo., against the B. F. Goodrich Rubber Company and its foreman or manager, A. M. Peterson. A demurrer was interposed by Peterson in the state court on the ground that the complaint failed to state a cause of action against him. The action was removed by the Goodrich Company to the federal court May 15, 1929, on the alleged ground that the joinder of Peterson as a defendant was fraudulent, and on the further ground that even if a valid claim existed against defendant Peterson, there was a separable controversy between plaintiff and defendant Goodrich Company and diversity of citizenship existing between them. Plaintiff, in the motion to remand, denied the fraudulent joinder of Peterson, and alleged that the cause of action set up in the complaint was a joint one against the Goodrich Company and Peterson.

No evidence was taken on the motion to remand, but on July 1, 1929, the motion was denied on the sole ground that no cause of action was stated against defendant Peterson; and at the same time, the demurrer of Peterson to the complaint was sustained.

December 7, 1929, a motion was made by the Goodrich Company for a rehearing and reconsideration of the motion to remand in order that it might introduce evidence on the issues made up by the petition for removal and the motion to remand.

December 28, 1929, the motion for rehearing and reconsideration was denied, and on the same day, judgment was entered dismissing the case for failure on the part of the plaintiff to prosecute.

No controversy was made in the trial court on the question of diversity of citizenship between the plaintiff and the Goodrich Company, and none is made here.

Three questions, however, did arise in the trial court on the record touching removability of the cause: First, whether the complaint showed on its face that plaintiff attempted to state a joint cause of action against the Goodrich Company and Peterson; second, whether the facts stated in the complaint could, as a matter of law, constitute a joint cause of action against the two defendants; third, whether plaintiff had in fact, though not on the face of the complaint, fraudulently joined Peterson as a defendant in order to prevent removal. As to the first question, there was apparently no dispute in the trial court, and it was tacitly answered in the affirmative, and we think correctly so. As to the second question, the trial court held that the facts stated in the complaint could not constitute a joint cause of action against both defendants, nor any cause of action against defendant Peterson.

There was thus left a sole controversy (often called, we think inaccurately, a separable controversy) between plaintiff and the Goodrich Company; and this sole controversy being between parties of diverse citizenship, and the requisite amount being involved, the court retained jurisdiction and denied the motion to remand.

The third question involved an issue of fact, but the trial court refused to receive evidence thereon and determine the issue, such course being unnecessary by reason of the view taken on the second question.

The question before this court on the present appeal is whether the trial court correctly ruled on this second question.

■ Whether the facts stated in the complaint constituted a joint cause of action against both defendants is to be determined by the state law. C. & A. R. Co. v. McWhirt, 243 U. S. 422, 425, 37 S. Ct. 392, 61 L. Ed. 826; C., R. I. & P. Ry. Co. v. Whiteaker, 239 U. S. 421, 424, 36 S. Ct. 152, 60 L. Ed. 360; Ches. & O. Ry. Co. v. Cockrell, 232 U. S. 146, 152, 34 S. Ct. 278, 58 L. Ed. 544; C., R. I. & P. Ry. Co. v. Dowell, 229 U. S. 102, 113, 33 S. Ct. 684, 57 L. Ed. 1090; C., R. I. & P. Ry. Co. v. Schwyhart, 227 U. S. 184, 193, 33 S. Ct. 250, 57 L. Ed. 473; Southern Ry. Co. v. Miller, 217 U. S. 209, 215, 216, 30 S. Ct. 450, 54 L. Ed. 732; Ill. Cent. R. Co. v. Sheegog, 215 U. S. 308, 317, 318, 30 S. Ct. 101, 54 L. Ed. 208; Putnam Memorial Hospital v. Allen (C. C. A.) 34 F. (2d) 927, 929; Robbins v. Penn. Co. (C. C. A.) 245 F. 435, 437.

■ The portion of the complaint alleging negligence is set out in the margin.[1]

[1] "* * * While plaintiff was so engaged at that time and place, he was ordered, directed and required by defendant company's said foreman and vice-principal, the defendant Peterson, to handle and work upon and about a large and heavy piece of circular-shaped metal, of great weight, about 700 pounds, and one that one person could not handle, move or work about or upon with reasonable safety, it being too heavy for one person or more to handle with reasonable safety, all of which Peterson well knew (or by the use of ordinary care he could have known) at the time he so ordered plaintiff to handle and work thereon and thereabout; that while plaintiff was so working on and about the same, it became and was necessary to move the same, it being, as plaintiff believed, too heavy for him to move alone, and not reasonably safe for him to move alone, he went to defendant Peterson (as such foreman, manager and vice-principal) and then and there informed said Peterson (as such foreman, manager and vice-principal) that it was necessary to move said disk and informed said Peterson that same was too large and too heavy for plaintiff or for one man to move or handle with reasonable safety and requested said Peterson to procure or cause other servants of defendant company to be procured to help and assist plaintiff in the task of handling and moving said metal disk or wheel, but the said defendant Peterson (as such manager, foreman and vice-principal) negligently and carelessly refused to provide other servants, men or assistance to help in the moving or handling of said object, and negligently ordered and required plaintiff to return to said task and to handle and move said object alone, and negligently assured, told and stated to plaintiff that said object was safe and reasonably safe for him to handle alone and that he could handle and move the same safely, and with reasonable safety and without injury to himself, and that the plaintiff need not fear to handle and move it without other help, and that while plaintiff was so acting upon and under the aforesaid orders of the said Peterson, and acting upon and relying upon his said assurances of safety and assurances that plaintiff could safely handle said object alone and without other help and relying upon his superior knowledge, judgment, and skill as such vice-principal, plaintiff was engaged in working with, around and about said object and in moving the same, and that while so doing, the said object, by reason of its great size, weight, and shape, and by

Though the pleading is not commendable for conciseness or clarity, yet we think it is apparent that the items of negligence charged are three in number: Failure to furnish a sufficient number of men to do the work; a negligent order to plaintiff to do the work; a negligent assurance of safety to the plaintiff.

The vital question in the case is whether there was a joint liability stated in the complaint as to any of the items of negligence mentioned.

It is apparent that as to the first, viz., failure to furnish a sufficient number of men to do the work, the duty rested on the employer alone. This is conceded by counsel for plaintiff.

It is contended, however, that as to the other two items of negligence, negligently ordering plaintiff to do the work, and negligently assuring plaintiff that he could do the work with safety to himself, there was joint liability of the foreman and the Goodrich Company.

It seems to be settled under Missouri law that an employer and his vice principal will be jointly liable for negligence in ordering an employee to do a dangerous piece of work which results in his injury, or for negligence in assuring an employee of his safety in doing a dangerous piece of work which results in his injury. State ex rel. v. Falkenhainer, 316 Mo. 651, 291 S. W. 466; Orcutt v. Century Bldg. Co., 201 Mo. 424, 99 S. W. 1062, 8 L. R. A. (N. S.) 929; McCarver v. St. Joseph Lead Co., 216 Mo. App. 370, 268 S. W. 687; Jewell v. K. C. Bolt & Nut Co., 231 Mo. 176, 132 S. W. 703, 140 Am. St. Rep. 515; Tucker v. Hagan (Mo. App.) 300 S. W. 301, 304; Varas v. James Stewart & Co. (Mo. App.) 17 S.W.(2d) 651.

reason of the fact that it was not reasonably safe for plaintiff to so move, handle and work upon and around without help, and by reason of the fact that defendant, through its said foreman and vice-principal, the defendant Peterson (as such foreman and vice-principal) so negligently ordered plaintiff to so work thereon and thereabout and to so move and handle the same alone and unaided, and so negligently refused and failed to provide help or assistance to plaintiff in moving and handling the same, and so negligently assured plaintiff that same was safe and reasonably safe for him to handle and move alone, and that he could work thereon and thereabout with safety and reasonable safety without injury (all when he well knew or by the exercise of ordinary care should have and could have known otherwise, while plaintiff was handling, working upon and about and moving said object, it slipped, rolled and fell upon the leg, knee, foot and body of plaintiff, whereby and as a direct and proximate result of the above and foregoing, plaintiff was seriously and permanently injured. * * *"

In the Jewell Case the court in its opinion said at page 206 of 231 Mo., 132 S. W. 703, 711:

"There was evidence introduced which tended to show that Sturges ordered respondent to perform his duties as catcher or quit his job, when informed of the existence of the peril caused by the absence of the protecting post mentioned in the evidence. So ordering respondent into such a place of danger, if it was a dangerous place, was a positive wrong or misfeasance on the part of Sturges, even though it be conceded that he was not an independent contractor, but simply an employee representing the appellant company in the mill department. For that wrong, if wrong it was, he is jointly liable with the company to respondent for the injuries sustained by him in consequence thereof."

Defendant, while conceding the effect of the foregoing decisions, yet contends that no liability attaches either to the employer or to the vice principal where the order or assurance relates to an act involving physical strength and which act the employee knows is beyond his own physical strength.

In examining this contention of defendant, two lines of Missouri cases must be considered. In one class fall those cases where the injuries complained of resulted solely from overexertion by the injured party. In these cases no liability attached to the employer though he or his vice principal had ordered the plaintiff to do the work and given him assurance of safety. See Hunter v. Busy Bee Candy Co., 307 Mo. 656, 271 S. W. 800; Lutgen v. Railway (Mo. App.) 294 S. W. 444, 445; Leitner v. Grieb, 104 Mo. App. 173, 77 S. W. 764; Haviland v. K. C., etc., Ry. Co., 172 Mo. 106, 72 S. W. 515; Petrilli v. Swift & Co., 216 Mo. App. 626, 260 S. W. 516, 518.

In the other class fall those cases where the injuries complained of resulted from the failure of the employer to furnish sufficient help, which result he should have anticipated; or the injuries were caused by some unforeseen but proximate cause coupled with the negligent failure to furnish sufficient help. In these cases, liability attached to the employer and to the vice principal who gave the order to plaintiff to do the work, or who gave to plaintiff the assurance of safety. See Bowman v. K. C. Electric Light Co. (Mo. App.) 213 S. W. 161; Meily v. St. L. & S. F. R. Co., 215 Mo. 567, 114 S. W. 1013; Tull v. K. C. S. Ry. Co. (Mo. App.) 216 S. W. 572; Fogus v. C. & A. R. Co., 50 Mo. App.

250; Levecke v. Curtis & Co. Mfg. Co., 197 Mo. App. 262, 193 S. W. 985; Smith v. Greer, 216 Mo. App. 155, 257 S. W. 829; Haggard v. Rogers-Schmitt, etc., Co. (Mo. App.) 249 S. W. 712.

The distinction between these two lines of cases has been pointed out by the Missouri courts in numerous cases.

In the Lutgen Case, where the injury was due to overexertion, the court said:

"It is well settled that a servant is the judge of his own strength, and when his injury is caused by reason of overexertion, the master is not liable. This holding is based upon the theory that the servant assumes the risk of injury under the circumstances."

In the Petrilli Case, also an overexertion case, the court said:

"His injury did not arise because he fell, or slipped, or met with any untoward happening. It arose simply because he overexerted himself. The authorities hold that, under such circumstances, the servant is the judge of his own strength, and not being under any necessity to exert himself beyond it, he cannot recover damages for injuries arising merely through lifting or overexertion. The danger of strain or rupture from overexertion under such circumstances is held to be one of the risks incident to his employment which he impliedly assumes."

In the case of Duvall v. Brooklyn Cooperage Co. (Mo. App.) 275 S. W. 586, 589, the court said:

"There are two lines of cases, as pointed out by learned counsel. It is a well-established rule that there is no liability on the part of the master where the accident is caused by overexertion. The theory of such cases is that the servant is the best judge of his own strength, and, unless some unexpected emergency arises, he is denied recovery for injuries arising through lifting heavy weights or in other ways overtaxing his strength. Petrilli v. Swift & Co. [216 Mo. App. 626], 260 S. W. 516; Jones v. Pioneer Cooperage Co., 134 Mo. App. 324, 114 S. W. 94; Haviland v. K. C., P. & G. Ry. Co., 172 Mo. 106, 72 S. W. 515; Hunter v. Busy Bee Candy Co. [307 Mo. 656], 271 S. W. 800.

"On the other hand are those cases in which the accident results from the failure of the master to provide sufficient help, which result he should have anticipated, or was caused by some unforeseen but proximate cause, coupled with the negligence in so failing to furnish help. This classification is illustrated by such cases as Bowman v. Electric Light Co. (Mo. App.) 213 S. W. 161; Smith v. Greer [216 Mo. App. 155], 257 S. W. 829; Headdy v. Wright Tie Co. (Mo. App.) 262 S. W. 447; Haggard v. Rogers (Mo. App.) 249 S. W. 712."

Tested by the rules laid down in the foregoing Missouri authorities, we think the present complaint states a cause of action within the second line of cases above considered. There is the allegation: " * * * While plaintiff was handling, working upon and about and moving said object, it slipped, rolled and fell upon the leg, knee, foot and body of plaintiff, whereby and as a direct and proximate result of the above and foregoing, plaintiff was seriously and permanently injured. * * *" This is a statement of the "unforeseen but proximate cause" which, when coupled with negligent failure to furnish sufficient help, gives rise to liability within the rules in the Bowman, Tull and Duvall Cases above cited.

The complaint does not expressly or by implication state overexertion as the cause of the injuries, nor does it appear from the complaint that the danger was as a matter of law so glaring that a reasonably prudent man would not have remained at the work. On the other hand, the negligence alleged in failing to furnish sufficient help, in ordering plaintiff to do the work, in assuring him of safety; coupled with the unforeseen but proximate cause, the slipping, rolling, and falling of the metal disc, make up a joint cause of action under the Missouri decisions.

Therefore, we think that the trial court erred in holding that the complaint stated no cause of action against Peterson, but a sole controversy with the Goodrich Company; and in retaining jurisdiction on that ground.

As heretofore stated, the removal petition alleged not only a separable controversy with the Goodrich Company, but also a fraudulent joinder of defendant Peterson.

■ Defendant Goodrich Company offered to introduce evidence in the trial court at one stage of the proceedings in support of the allegation of fraudulent joinder. The offer was not accepted because of the view of the trial court as to a sole controversy. In view of this state of the record, we think defendant Goodrich Company should be afforded an opportunity to introduce evidence as to fraudulent joinder and to have a ruling thereon.

The judgment will therefore be reversed, and the cause remanded with instructions for

further proceedings not inconsistent with this opinion.

It is so ordered.