CALVIN CLARK, by his next Friend, JOHN R. CLARK, v. THE JOHNSON COUNTY TELEPHONE COMPANY, Appellant.

**Telephones:** INJURY TO EMPLOYEE: ASSUMPTION OF RISK: INSTRUCTIONS. In this action for injury to a telephone lineman, grounded upon the negligence of defendant's foreman in directing plaintiff to work in a place of danger on a telephone pole, without warning him of the danger and without securing the pole so as to prevent its falling when the wires were cut, the instruction on the issue of assumption of risk to the effect that if plaintiff engaged in the work which he was directed to perform with knowledge of the dangers incident thereto, whether due to the existing conditions or failure of defendant to properly secure the telephone pole on which he was at work, he could not recover, are held to have properly presented the issue.

**Same.** Where the jury was told that it was the duty of the employer to protect and warn the employee regarding a risk and danger which the employer in the exercise of reasonable diligence should have known, and involved in performance of the work as directed, and of which he had reason to believe the employee did not know or in the exercise of reasonable care did not appreciate; and that although the employer was negligent the employee could not recover if he was aware of the danger, or if it was so plain that a person of ordinary capacity should have known and appreciated the danger, and if with such knowledge he voluntarily went ahead with the work, he could not recover, the instruction was sufficiently definite without further reference to the specific danger in the method of performing the work, and the jury could not have been misled in the application of the law to the facts.

**Same:** BURDEN OF PROOF: INSTRUCTIONS. Where from the instructions as a whole it is plain that the jury must have understood the burden of proof as to a material fact to be on the plaintiff, and that without evidence to sustain this burden he could not recover, as in the instant case, it can not be said that the court did not sufficiently instruct that it was for plaintiff to establish such material fact.

**Same:** INSTRUCTIONS: WHEN NOT MISLEADING. Where the jury was told to determine whether defendant was guilty of one or more

of the claimed negligent acts, and whether such negligence, if any, was the proximate cause of plaintiff's injury, and whether plaintiff was guilty of contributory negligence, the further instruction that if the injury was caused by defendant's negligence without fault or negligence of plaintiff contributing thereto, or that the risk was not such as was assumed by plaintiff, then you will find for plaintiff, could not have been misleading because leaving the jury to determine in the alternative whether there was negligence of the defendant without contributory negligence, or assumption of risk.

**Same:** STATEMENT OF ISSUES: FAILURE TO WITHDRAW IMMATERIAL ISSUE: HARMLESS ERROR. Where an allegation of negligence, as to which it was claimed there was no evidence, was only stated by the court in its recital of the allegations found in the petition, and while not specifically withdrawn was not afterwards referred to in the instructions, and the other allegations of negligence specifically referred to in the instructions were supported by the evidence, it will not be presumed that the jury found for plaintiff solely on such allegation, but rather that defendant could not have been prejudiced by failure to have specifically withdrawn the same.

**Master and servant:** SAFE PLACE TO WORK: ASSUMPTION OF RISK. While a servant employed to make a dangerous place safe assumes the risk of the danger he undertakes to remedy, he does not assume the risk of the method employed in performing the service if that method is unnecessarily hazardous in matters concerning which he has no knowledge, provided the hazard in such respect could have been rendered less dangerous by the exercise of reasonable care upon the part of the employer.

**Same:** EXPERT EVIDENCE. Where a telephone lineman was injured by the fall of a telephone pole which broke when he cut the wires, owing to a covering of ice imposing a strain, it is competent for experts to testify to the usual method of procedure under the conditions in which plaintiff was put to work; and the evidence was not objectionable as calling for their opinion on the very question to be submitted to the jury; for while the jury might be called upon to determine whether the method pursued was usual, the propriety of the method was not the ultimate question for decision, but one upon which competent witnesses may express an opinion.

**Injury to telephone lineman:** DAMAGES. In this action for injury to a telephone lineman for the permanent loss of an arm, restoration of which to its best possible condition required several opera-

tions and caused much pain and suffering, a verdict for $4,750 was not excessive.

*Appeal from Johnson District Court.*—HON. R. ·P. HOWELL, Judge.

MONDAY, NOVEMBER 22, 1909.

REHEARING DENIED, TUESDAY, MARCH 15, 1910.

ACTION to recover damages for personal injuries received by plaintiff while in the employ of the defendant, alleged to have resulted from defendant's negligence. There was a trial to a jury, and verdict for plaintiff. From the judgment on such verdict, defendant appeals.—*Affirmed.*

*Milton Remley* and *Clark & Hutchinson,* for appellant.

*W. J. Baldwin* and *J. J. Ney,* for appellee.

McCLAIN, J.—This is an appeal from the judgment on a second trial of the case. On the first trial there was a verdict and judgment for plaintiff and a reversal on appeal to this court. 137 Iowa, 81. It is unnecessary to repeat the general statement of the evidence embodied in the first opinion. That statement will suffice to show the issues and in general the testimony on which the second·trial was had. Briefly, however, plaintiff sought to recover for injuries received by· him as lineman in the employ of defendant company while engaged in repairing or rendering safe a lead of telephone wires of the defendant company, which, by reason of a very severe sleet storm, had become covered with ice, imposing an unusual strain on the poles supporting such wires. Plaintiff, previously employed as "trouble man," was directed on the morning of the accident, in view of the emergency

to work with the linemen, and under the general direction of the foreman went up one of the poles supporting the lead to cut the wires. While so employed, the pole broke, and plaintiff fell to the ground, receiving severe injuries. The negligence alleged consisted in the act of the foreman in sending plaintiff into a position of danger without sufficiently warning him as to the danger involved, and without guarding against such danger by "lacing" or otherwise supporting the poles so as to prevent their falling when the wires were cut. The defendant denied generally the allegations of plaintiff's petition, and specifically alleged that plaintiff knew the danger and assumed the risk thereof, and, also, that plaintiff's negligence contributed to his injury. This brief statement of the issues is sufficient to indicate the bearing of the errors of law alleged as grounds for a reversal.

I. It is contended that the court failed to sufficiently instruct the jury as to the assumption of risk arising from defendant's negligence as pleaded by defendant, in that such issue was not distinctly stated, and that with reference thereto the law was not properly given. On examining the instructions, we find that the issue was stated substantially in accordance with the allegations of defendant's answer, and that the jury could not have failed under the instructions to understand that if with knowledge of the dangers incident to the particular work which he was directed to do, whether due to the conditions or to the failure of defendant to lace the poles, plaintiff engaged in the particular work which he was directed to perform, he assumed the risk thereof, and could not recover. It is not practicable to set out the instructions at length for the purpose of demonstrating the correctness of this conclusion. It is enough to say that the issue was properly presented, and that the jurors were instructed as to the questions for their determination in reference thereto.

1. TELEPHONES: injury to employee: assumption of risk: instructions.

II. The paragraph of the instructions in which the jury was more specifically directed to consider the question of assumption of risk is, however, criticised on the ground that, while referring to the general assumption of risk of the dangers of employment, it does not with sufficient definiteness refer to the assumption of risk of the specific danger due to the method in which the work was being done with knowledge of the failure of the defendant to lace or otherwise support the poles as against the strain which would result from the cutting of the wires. But we find that in this instruction the jurors were told that it was the duty of the master to protect and warn plaintiff with regard to the risks and dangers which the defendant in the exercise of reasonable diligence should know to be involved in the performance of the work in the method directed and which it had reason to believe the plaintiff did not know of, or in the exercise of reasonable care did not appreciate, and therefore did not assume, and that, though defendant was in this respect negligent, plaintiff could not recover if he was aware of the danger, or if it was so patent that as a person of ordinary capacity he ought to have known and appreciated it, and with such knowledge voluntarily went ahead with the work. This we think was in general a proper direction, and we fail to see any respect in which the jury should have been misled as to the application of the law to the facts.

*2. SAME.*

III. As to the burden of proof, it is said that the court did not sufficiently instruct that it was for the plaintiff to show that the danger was not one incident to the general employment in which he was engaged. But we think it plain, taking the instructions together, that the jury must have understood that in this respect the burden was on the plaintiff, and that without evidence to sustain this burden he could not recover.

*3. SAME: burden of proof: instructions.*

IV. In one instruction the jurors were told to deter-

mine whether or not defendant was guilty of some one or
more of the claimed negligent acts of commission or omis-

4. SAME: in-        sion, and whether or not such negligence,
structions:
when not            if any, was the direct and proximate cause
misleading.         of the injury, and whether or not the plain-
tiff was guilty of contributory negligence; and were di-
rected that: "If you find that said injury, if any, was
caused by the negligence of defendant, and without any
fault or negligence on the part of plaintiff which con-
tributed to said injury, if any, or that the risk was not
such as was assumed by plaintiff as hereinafter instructed,
then you will find for the plaintiff, but, if you do not so
find, you will find for the defendant." The quoted por-
tion of this instruction is perhaps not accurate, in that the
jury is left to determine in the alternative whether
there was negligence of defendant without contribu-
tory negligence of plaintiff or assumption of risk.
But, taking this instruction with others, we think that the
use of the word "or," instead of "and," could not have
been misleading to the jury, for subsequent instructions
clearly point out that there must be a finding of negli-
gence, and also a finding that the risk resulting from such
negligence was not assumed by the plaintiff.

It is said that one allegation of negligence as to
which there was no evidence was improperly submitted to
the jury for a finding. This allegation of negligence,

5. SAME: state-     however, was only stated in the recital of
ment of is-
sues: failure       the allegations found in the petition, and is
to withdraw         not subsequently referred to in the instruc-
immaterial
issue: harm-        tions. Without determining, therefore,
less error.         whether there was evidence in support of this
allegation, it is sufficient to say that the jury can not be as-
sumed to have found for the plaintiff solely on this allega-
tion. The other allegations of negligence as to which the
jurors were specifically instructed were amply supported by

the evidence, and we reach the conclusion that there could not possibly have been any prejudice to the defendant in the failure of the court to specifically withdraw from the attention of the jury the allegation which is said to have been improperly submitted. No request that this matter be withdrawn was made, and, as it was not specifically submitted, appellant can not complain.

V. In a general way, it is contended that the obligation of defendant to furnish plaintiff a safe place to work did not exist in this case, because the place where plaintiff

6. MASTER AND
SERVANT: safe
place to
work: as-
sumption of
risk.

was working was rendered unsafe in the very employment in which plaintiff was engaged; in other words, that the work of repair in which plaintiff was engaged necessarily involved danger of which he was charged with notice. The well-settled principle invoked did not, however, as we think, relieve defendant from liability if its foreman directed the plaintiff to work under conditions which were to his knowledge as a reasonably prudent man particularly dangerous on account of the failure of defendant to take precautions as to the prosecution of the work which a reasonably prudent employer would have taken for the safety of his employees. While it is true that a servant employed to make a dangerous place safe assumes the risk of the very danger which he undertakes to remove, he does not assume the risk of the method employed in doing such dangerous work if that method is unnecessarily hazardous in respects as to which the employee has no knowledge, provided that in these respects the employment could have been rendered less hazardous by the exercise of reasonable care on the part of the employer. The cases of *Olson v. Maple Grove Coal & M. Co.,* 115 Iowa, 74, and *Martin v. Des Moines Edison Light Co.,* 131 Iowa, 724, are not inconsistent with, but rather support this conclusion.

VI. Various objections to questions propounded to witnesses called for the plaintiff to testify as to the usual

and ordinary method of proceeding under the conditions
under which plaintiff was put to work were

7. SAME: expert
evidence.

overruled by the court; and error is as-
signed in these rulings. The witnesses appeared from their
testimony to be competent to testify as experts, and they
were asked questions relating to the conditions which they
had already described in their testimony. The matters as
to which they were asked to express opinions were matters
as to which an expert would be much better qualified
to form a judgment than the jurors who could not be
presumed to be familiar with the strains on the poles which
would result from particular methods of proceeding. Of
course, the jurors would understand about the direct weight
of the wires on the poles, but they could not be presumed
to understand the nature and amount of the strain which
the long lead of wires covered with ice would exert upon
the particular pole upon which plaintiff was at work cut-
ting the wires. The questions were not open to the
objection that they called for the opinions of the witnesses
on the very issue which was to be submitted to the jury for
determination. It is true the jurors might have to say
whether the method pursued was the usual and ordinary
method in reaching an ultimate conclusion as to whether
the defendant was negligent, but the propriety of the
method was not the ultimate question for the jury's deci-
sion, and it was a question as to which competent witnesses
might express an opinion. The objection that the witnesses
were asked to invade the province of the jury is not well
taken. We find no error in the rulings of the court in
these respects.

VII. The action of the court in overruling a motion
to direct a verdict for the defendant is assailed on the
ground that there was no evidence to sus-

8. INJURY TO
TELEPHONE
LINEMAN:
damages.

tain the allegations of negligence, and that
the evidence showed the injury complained of
to have been caused by the negligence of plaintiff. An

examination of the record satisfies us that there was ample evidence to support the verdict, and we would not be justified in setting it out in detail. The court could not properly under the showing made in the record have directed a verdict for the defendant. The complaint that the verdict is excessive is likewise without foundation. Plaintiff received a severe injury, and as a result it appears that he will never, have the full use of his right arm. Several operations were necessary to finally reduce the fracture and put the arm in the best possible condition, and plaintiff suffered much pain and was confined to the hospital for a considerable period of time. In view of this showing, we would not be justified in reducing the verdict of $4,750, which was rendered on this trial.

Appellee's motion to strike appellant's argument which was ordered submitted with the case is overruled.

Finding no error in the record, the judgment is *affirmed*.