EDWARD A. BARNARD, Respondent, v. WAVERLY
BRICK & COAL COMPANY, Appellant.

Kansas City Court of Appeals, May 3, 1915.

1. NEGLIGENCE: Personal Injuries: Caving in of Trench: Contributory Negligence: Assumption of Risk: Jury Question. Plaintiff was directed by his foreman to get into a ditch and shovel out the dirt being excavated at the bottom from one side thereof to make room for a concrete footing to be put in. There were brick pillars in the side of the ditch belonging to a former foundation. Plaintiff obeyed and was injured by the dirt and brick of the old pillars caving in on him. *Held*, that he was not guilty of contributory negligence as a matter of law, but that this question was for the jury.

2. ———: ———: ———: ———: ———: ———. If the conditions were such that an ordinarily prudent man would have taken steps to obviate the fall of the dirt, then the defendant was negligent in directing the workmen to work therein without adopting such precautions. What an ordinarily prudent man would do under a given set of circumstances is usually a question for the jury. It is unless the facts are all so completely one way as to leave no room for fair minds to differ on the question.

3. ———: ———: ———: ———: ———: No Complaint on Part of Workman. The fact that plaintiff made no complaint as to the danger and received no express assurance from the foreman makes no difference. The servant had a right to rely on the superior judgment of the foreman, since the danger was not so glaring that a person of ordinary care would have refused; and the presence and direction of the foreman to go into the trench and work were equivalent to an assurance on the foreman's part that the servant could safely proceed.

4. TRIAL PRACTICE: Instructions: Burden of Proof. An instruction on the burden of proof, after telling the jury that the burden was on plaintiff to establish his case contained this additional sentence: "And this burden of proof continues and abides with plaintiff through the entire trial." This was stricken out by the trial court. *Held*, not to be error. The modification left the burden on plaintiff and the part stricken out might have misled the jury as to the burden of the affirmative defense pleaded by defendant which was on it.

189MA27

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*Hadley, Cooper & Neel* and *C. L. Ristine* for appellant.

*Chiles & Chiles* and *N. M. Houx* for respondent.

TRIMBLE, J.—Plaintiff, while working for defendant in a trench, was injured by the caving in of one side, and brought suit for damages. A demurrer was interposed to plaintiff's evidence. This the court overruled and the defendant stood on its demurrer. Plaintiff obtained a verdict for $1000, and defendant appealed.

The engine and boiler, which furnished power to run the machinery of defendant's coal mine, was on top of the ground a short distance from the mouth of the shaft. They rested upon a concrete foundation and over them stood an engine room or shed. This last-named structure burned down some months before the occurrence of plaintiff's injury. In rebuilding it, defendant desired to enlarge the engine foundation, and, to do so, constructed trenches outside of and on all four sides of the old foundation. These trenches had been dug and, on the morning of the accident, had been completed. It was decided, however, to widen the trenches at the bottom so as to give the concrete foundation, which was to be poured therein, a "footing," and plaintiff was injured while shovelling out the dirt dug by another employee in making the extension for such footing. The ditches formed an oblong rectangle, and were about three feet in width, waist deep in some places, but the east trench, where the accident occurred, was five feet or more in depth.

In the outer wall or east side of the east ditch were one or more brick pillars a brick-and-a-half square which had been a part of a former foundation, possibly, piers on which had rested the posts of the burned engine room.    These pillars extended down in the ground alongside the ditch to within two and one-half or three feet of the bottom thereof.  The under cutting ordered to be done by the defendant was made by digging out the dirt at the bottom of the trench, and on the east or outer side thereof, to a depth of twelve inches; and gradually sloping up to a feather edge about ten inches above the bottom.  It was, therefore, below and did not extend up to the foot of the pillars.

On the morning of the injury, defendant's foreman directed an employee, Demasters, to get down in the east trench and with a pick dig out the under cut. The foreman got into the ditch himself and showed how the work should be done.  He also directed plaintiff how to follow Demasters in the ditch and shovel out the dirt excavated by him.  Plaintiff obeyed, and while engaged in that work the bank on the east side suddenly and without warning caved in, burying Demasters completely, and plaintiff partially, with dirt and brick from the old piers.  Plaintiff's leg was broken, and he was bruised and shocked and otherwise injured in minor particulars.

Defendant insists that its demurrer should have been sustained; that no case of negligence was made against the defendant; that the questions raised by the pleadings were not for the jury because the plaintiff, as matter of law, was guilty of contributory negligence and assumed the risk.

If anything sufficient to defeat recovery may be chargeable against plaintiff, it would seem to be assumption of risk rather than contributory negligence. The latter involves or connotes the idea that the servant either did something he should not have done or

omitted to do something he should have done which in some way entered into and actively helped to bring about the unfortunate occurrence. But plaintiff did nothing to cause the dirt to fall. He was merely shovelling the loose dirt in the bottom of the trench. Neither did he omit the active performance of anything he should have done since the fall came suddenly and without warning. So that if recovery is to be denied on account of anything affecting him, it would seem to be because of his alleged assumption of risk rather than on the ground of contributory negligence.

With reference to the claim that no negligence was shown against the master, it is to be observed that plaintiff was directed by the foreman present and in charge of the work, to go into the trench and shovel out the dirt. An excavation was being made in the side of the trench at the bottom which would leave the dirt wall on that side over-hanging to some extent, and on this side were one or more brick piers the weight of which would be a factor in the fall thereof if it should fall. The piers were exposed to view in the trench and were above the excavation being made. The tendency to cave in could be avoided by propping the bank while the workmen were in the trench. If the conditions there were such that an ordinarily prudent man would have taken steps to obviate the fall, then defendant was negligent in directing the workmen to work therein without adopting such precautions. What an ordinarily prudent man would do under a given set of circumstances is usually a question for the jury. It certainly should be unless the facts are all so completely one way as to leave no room for fair minds to differ on the question. The excavation being under the side and under the brick piers mentioned, which would naturally have a tendency to induce a fall of that which was above, certainly we cannot say, as matter of law, that there was nothing in the situation which imposed on the master the duty of knowing whether it was safe

or not. There is enough in the situation from which the jury could infer that the master was negligent in the premises. Defendant is in error in thinking there is no evidence tending to show that it was an unsafe place to work or that the master, as a reasonably and ordinarily careful man, had no reason to apprehend danger therefrom. Such being the case, we are not permitted to take the determination of the question of defendant's negligence out of the jury's hands.

The fact that plaintiff made no complaint and received no express or affirmative assurance, in so many words, that it was safe, does not affect the matter, or charge him with assumption of the risk as matter of law. Plaintiff testified that he was watchful of danger but thought there was none. He had a right to rely on the superior judgment of the foreman, and the presence and direction of the latter to go into the trench and work were equivalent to an assurance on the foreman's part that plaintiff could safely proceed. [Smith v. Kansas City, 125 Mo. App. 151, 157; Herdler v. Buck's Stove & Range Co., 136 Mo. 3, l. c. 17.] It is not necessary that there should be evidence showing superior knowledge on the part of the foreman. He is presumed to have that. His position and authority imply it. It won't do to say that the foreman did not possess superior knowledge because he had been connected with the mine only a year prior to the date of the injury, while the plaintiff had lived in that vicinity for six years and during that time had worked about this particular mine, largely as mine blacksmith.

Neither can we say that the *danger* was as well known to plaintiff as to the foreman. No doubt plaintiff could see the *conditions* present as well as the foreman, but there is nothing which justifies us in saying that he was as well aware of the *danger*. He had not dug in this trench, nor was he an experienced trench digger. And the fact that he had walked over the surface of the ground in that vicinity for six years would

not furnish him with the requisite knowledge of the liability of the earth to cave in on the side of a trench, any more than would our occupancy and use of the courthouse give us knowledge that it was likely to collapse without warning.

As hereinbefore shown, the evidence justifies a finding that the master was negligent in ordering the servant to work in the trench without taking any precautions to keep the dirt from falling. The Missouri rule in reference to assumption of risk is that if the injury arises out of the negligence of the master, then knowledge of conditions on the part of the servant will not bar him of recovery on the ground of assumption of risk. If the danger was so great that the servant could not hope to escape injury by the exercise of reasonable care, then he will be guilty of contributory negligence and be debarred from recovery on that ground. But if the danger is not so glaring and imminent as this, then, even if the servant has knowledge of the situation, he does not assume the risk arising from the master's negligence. [Fish v. Chicago, Rock Island & Pacific Ry. Co., 172 S. W. 340, l. c. 346.] The danger, in the case at bar, was not so imminent and glaring that no person of ordinary intelligence and care would have refused to work therein. The facts do not conclusively show such to be the case. This being so, he was not guilty of contributory negligence as matter of law; and, since the master was negligent in directing the servant to work in the ditch without taking precautions for his safety, he cannot be debarred from recovery on the ground of assumption of risk. The inferences to be drawn from the facts are that plaintiff had reason to suppose he could work safely even if he had had, at first, some doubts about it. Wherever, on these questions, there is room for reasonable minds to differ, then the question should be left to the jury. [Thompson v. Chicago, etc., R. Co., 86 Mo. App. 141; Keegan v. Kavanaugh, 62 Mo. 230; Bradley v. Milwaukee, etc., R. Co.,

138 Mo. 293; Gibson v. Midland Bridge Co., 112 Mo. App. 594, l. c. 598; Doyle v. Missouri, etc., Trust Co., 140 Mo. 1, l. c. 15; Donahoe v. Kansas City, 136 Mo. 657; Curtright v. Ruehman, 181 Mo. 544, l. c. 561.] It follows that the court ruled correctly in sending the case to the jury.

Some complaint is made of plaintiff's instructions. But we think they are unobjectionable. Some of the objections are based upon the want of evidence to sustain them, but, as stated in the foregoing, this is a view to which we cannot agree. It is said that one of them omits to include assumption of risk and another omits the element of contributory negligence. The one that submitted the whole case to the jury required that body to find that defendant was negligent and that plaintiff was in the exercise of ordinary care. The very facts upon which the instruction was predicated excluded any element of assumption of risk since, as we have stated, the rule in this State is that the servant does not assume the risk of the master's negligence. The clause requiring the jury to find, as a condition of recovery, that the plaintiff was in the exercise of ordinary care covered the element of contributory negligence since, if he was in the exercise of ordinary care, he could not be guilty of contributory negligence. Besides, the defendant had explicit instructions on the subject of contributory negligence and assumption of risk and the giving of these would have cured any omission in plaintiff's instruction if there had been any omission. [Riegel v. Loose-Wiles Biscuit Co., 169 Mo. App. 513, l. c. 517; Owens v. Kansas City, etc., R. Co., 95 Mo. 169, l. c. 180; Hughes v. Chicago & Alton R. Co., 127 Mo. 447; Lange v. Mo. Pacific R. Co., 208 Mo. 458, l. c. 478; Meadows v. Life Ins. Co., 129 Mo. 76, l. c. 97.] The other instruction complained of as omitting contributory negligence was not one submitting the entire case and was not on the subject of such negligence.

Hence, there was no reason for saying anything about it in that one.

Defendant, in its instruction number 1 telling the jury that the burden of proof was on the plaintiff to establish his case, added this sentence "and this burden of proof continues and abides with plaintiff throughout the entire trial." The court struck out this sentence but otherwise gave the instruction as asked. We see no error in so doing. The modification left the burden on plaintiff. It did not shift it. There was an affirmative defense pleaded, the burden of proving which was on the defendant, and, had the instruction been left. as it was, the sentence stricken out might have misled the jury as to the burden of proving such defense.

It is said that the verdict is excessive, but we are of the opinion that it was clearly within the bounds of reason and not such as to justify us in reducing it.

The judgment is affirmed. All concur.