ERASTUS HUSKEY, Appellant, v. HEINE SAFE-
TY BOILER COMPANY, a Corporation, Re-
spondent.

Springfield Court of Appeals, January, 26, 1916.

1. MASTER AND SERVANT: Personal Injuries: Evidence. Appeal from a verdict directed in favor of defendant in an action by a servant against his master for personal injuries. Evidence reviewed and case in former appeal referred to. (187 Mo. App. 433.)

2. ————: Duty of Master to Servant: Safeguards. A master is required to employ all reasonable means and precautions against injuring a servant which .ordinary prudence and foresight, in the light of the existing knowledge of conditions, dictate.

3. ————: Duty of Master as to Place and Appliances: Also as to Orders and Demands. The rule requiring the master to reasonably safeguard against injury to the servant comprehends not only the duty to furnish a safe place in which the servant may work but also the requirements, demands and orders issued to the servant from time to time as to the work.

4. ————: Liability of Master for Servant's Injury: Liability Determined, How. The liability of an employer for the safety of his servants while at work is measured by his knowledge, actual or constructive, of the surrounding facts and circumstances, and, in determining whether the master was negligent, what the servant knew or did or might have done is immaterial.

5. ————: Master's Duty: Temporary, Isolated Task: Safety of Place. In the performance of a merely isolated, temporary task, such as the placing of a bolt in a hole where no other work is to be done, ordinary care and prudence do not require the master to make the place safe within which the work is to be done.

6. ———: Injuries to Servant: Negligence of Master: Jury Question, When. Where an employer ordered its servant to place a bolt in a metal smokestack under construction, with knowledge through its foreman, that in fifteen or twenty minutes a platform would be completed which would afford the servant a safe place to work, it was a question of fact for the jury whether such employer did not fail to observe its primary duty to care for the servant's safety and subject him to unnecessary hazard.

7. ———: Negligence: Contributory Negligence: Choosing Dangerous Way. The rule that if two ways are open for use, one safe and the other dangerous, the choice of the dangerous way, with knowledge of the danger, is negligence, applies to a master directing his servant to do work as well as to the question of contributory negligence in a servant in choosing an unsafe way to work.

8. ———: ———: Assumption of Risk. A servant does not assume any risk involved in the performance of a negligent order of the master.

9. ———: Injury to Servant: Negligence: Contributory Negligence: When Jury Question. In a servant's action for injuries received in inserting a bolt in a metal smokestack under construction fifteen or twenty minutes before a platform would have been completed to afford him a safe place to work, it was a question of fact for the jury to be determined under the circumstances, whether plaintiff was guilty of contributory negligence in undertaking to do what he did in the absence of knowledge on his part that the platform would be ready shortly.

Appeal from Butler County Circuit Court.—*Hon. J. P. Foard*, Judge.

REVERSED AND REMANDED.

*Abington & Phillips* for appellant.

*Leslie C. Green* and *Sheppard & Sheppard* for respondent.

FARRINGTON, J.—This is an appeal by the plaintiff in a damage suit for personal injuries. At the close of plaintiff's evidence the court at the request of the defendant directed a verdict in its favor.

The case is here on a second appeal. We revers-
ed the judgment and remanded the cause on the former
appeal (187 Mo. App. 438, 173 S. W. 16), and we now
refer to our opinion in that appeal for a statement of
the facts now before us, the additions thereto being
pointed out in the course of the present opinion.
When the cause was here before we reversed the judg-
ment because the case had been tried on the theory that
it was the duty of the defendant to furnish a platform
on which the plaintiff could have stood in simply put-
ting a bolt in a hole some sixteen feet above the ground
in the side of a metal smokestack, as it appeared from
the evidence at that trial that it was but a temporary
employment done in the course of the construction of
the stack,—that the safe place rule did not apply and
that the facts brought that trial within one of the ex-
ceptions to such rule. It did appear, however, in the
former record before us that there was evidence tend-
ing to show that the defendant had ordered a platform
to be built at this particular place for the purpose of
furnishing a place for workmen to stand while fasten-
ing the angle bars and hood leading from the boiler
room onto this smokestack, and that this platform
would have been completed within a short time, and
that it was not necessary that the isolated task of put-
ting the bolt in the hole at the time the plaintiff was
ordered to do so should have been performed at the
time the plaintiff was ordered to do it, and upon this
evidence we reversed the judgment and remanded the
cause to be tried (as will be seen by the last paragraph
in our opinion), on the theory that if the defendant
sent the plaintiff unnecessarily into a dangerous and
hazardous place when by waiting a very short time a
platform would have been erected which would have
made the employment of putting the bolt in the hole
practically without danger, then it would be a question
for the jury to determine whether a reasonably pru-
dent and careful master would, under the circumstan-

ces, have ordered the plaintiff to do what he did do at the time he did it.

In the trial from which this appeal resulted the fact is brought out by plaintiff's evidence that when the defendant's foreman ordered him to place this bolt in the hole, the plaintiff did not know that a platform would soon be erected in the opening on which he could stand and do this task, but that the foreman knew that the platform would be built and knew that within fifteen to twenty minutes such platform would be constructed. The testimony of the plaintiff does not tend to show that the bolt was placed in this hole for the purpose of constructing the platform, but was merely put there on which to fasten a block and tackle with which the angle bars would be drawn up. The evidence further discloses that that very afternoon the platform was completed, and that the hole in which plaintiff was attempting to put the bolt when he slipped and fell was but eight feet from the bottom of the main opening in the stack, and that he had one foot on the iron rim of the stack at the time he fell, from which it clearly appears that had he waited to perform this task until after the platform was constructed he could have stood on the platform and done what he says he was sent to do by the foreman.

The foreman testified: "Q. Hanging this contraption to raise the angle bars up to the big opening in the stack could have been done as well after the platform was built as before, could it not? A. That was best to do to build the platform first."

There is a clear conflict in the testimony of the plaintiff and his witness, Allen, who was the foreman, as to the order actually given. Allen denies that he ordered the plaintiff to put the bolt in the hole, but the plaintiff testifies that the foreman did order him to do it, and Allen himself admits that before plaintiff stepped onto the rim of the opening in the stack he knew that plaintiff was going to place the bolt in the

hole because plaintiff had called for a bolt, and the foreman was there when it was thrown up to him, and at that time plaintiff was standing on the roof of the engine room which was situated about one foot north and several inches. below the bottom of the opening in the stack.

The well known rule is stated in LaBatt's Master & Servant (2d ed.), vol 3, sec. 906, p. 2403: "The degree of care required of an employer in protecting his employees from injury is the adoption of all reasonable means and precautions to provide for the safety of his servants while in the performance of their work."

It may be stated that it is the duty that the law requires of the master to use all reasonable means and precautions against injuring a servant which ordinary prudence and foresight, in the light of the existing knowledge of conditions, dictate. This has reference, not only to a safe place in which to work and the kind of appliances furnished, but as well to the requirements, demands and orders issued to servants from time to time in the process of the work.

The liability of the master is measured by his knowledge, either actual or constructive, of the surrounding facts and circumstances, and in determining whether the master is negligent, courts do not take into consideration what the servant knew, or what the servant did, or what the servant might have done. A master, found negligent, might be relieved of his negligence for some act, conduct, or knowledge of the servant, but this would in no wise make the master's negligent act any the less negligent.

We have in this case an act which if ordered to be done in the light of certain circumstances and conditions would not be an act of negligence, while if the same act were ordered to be done in the light of other facts and circumstances it might amount to negligence. For instance, if the master merely desired this bolt

placed in the hole and there was to be no other work done, it being a merely isolated temporary task, then, as the authorities cited in our former opinion show, ordinary care and prudence does not require that the master make the place safe within which this task must be performed. But the facts in this record show that the same act so far as the servant was concerned was ordered to be done by the master who knew that to perform it would subject the servant to hazards and risks which he would not be subjected to by waiting some fifteen or twenty minutes and which isolated task did not have to be done and which task the foreman says would best be done by waiting until the platform was completed. Under these circumstances, the master's duty is to be measured by what an ordinary, prudent man would have undertaken to do knowing the place within such a short time would be comparatively safe and would not subject the servant sent to put the bolt in the hole to an unnecessary hazard.

The court in the case of Barnett & Record Co. v. Schlapka (Ill.), 70 N. E. 343, 1. c. 345, in discussing the exceptions to the safe place rule, said: "It will be found, on examination, that these cases apply only where the work being done necessarily renders the place dangerous, as in mining coal, blasting stone, wrecking buildings, and other matters of a like nature. In this case, the banks of the tunnel would have been given greater slope at a slight increase of the expense, and this would have entirely obviated the danger, or the sides could have been shored throughout the entire length, as they were throughout a portion of their length." In that case it was held that it being known to the master that by a slight increase in the expense the place could have been rendered reasonably safe, a failure to incur such slight expense rendered the place unnecessarily unsafe. The same principle, we think, applies to our case. The bolt was not being put in the

hole for the purpose of building the platform, and by waiting fifteen or twenty minutes the master knew that the place to which he was sending the plaintiff would be made reasonable safe for him to perform the task he was ordered to perform, and by a failure to wait this short time, it became a question of fact as to whether the master did not, with this knowledge and by a failure to delay, breach the primary duty it owed to the servant and subject him to an unnecessarily hazardous risk.

The plaintiff testifies that he did not know when he undertook the task that a platform had been ordered erected and was to be built.

In the case of Clark v. Johnson County Tel. Co. (Iowa), 123 N. W. 327, l. c. 329, the court in discussing this same principle, holds: "While it is true that a servant employed to make a dangerous place safe assumes the risk of the very danger which he undertakes to remove, he does not assume the risk of the method employed in doing such dangerous work if that method is unnecessarily hazardous in respects as to which the employee has no knowledge, provided that in these respects the employment could have been rendered less hazardous by the exercise of reasonable care on the part of the employer." The court in that case is speaking of one of the exceptions to the safe place rule, and thus qualifies it.

We think that the rule which has been announced a number of times in this State and which was applied by this court in the cases of Rogers v. Packing Co., 185 Mo. App. 99, 170 S. W. 675, is applicable to this case, the rule being that if two ways are open to a person to use, one safe, and the other dangerous, the choice of the dangerous way with knowledge of the danger, constitutes negligence. This rule has generally been applied to servants where they have been held to be guilty of contributory negligence, but we see no reason why it should not apply as well to a master.

In this case, the master in getting the bolt put in the hole by the servant had two ways open. One was to order the servant to put it there, as the testimony tended to show was done in this case, before the platform was erected, and under the circumstances this was a dangerous and hazardous way. The other was to wait a short time before giving the order to place the bolt in the hole, until after the platform was built, a comparatively safe way. And by adopting the unsafe way where there was a safe way open must necessarily leave this question open for the triers of fact to determine whether a prudent master would have given the order that the testimony of plaintiff tends to show was given.

If the master's order given under the evidence introduced by plaintiff was a negligent order, then the plaintiff did not assume any risk growing out of such negligent order. This requires no citation of authorities at this time in this State.

Respondent contends that because we held on the former appeal that the plaintiff assumed the risk of putting the bolt in the hole under the facts as there disclosed and the theory on which the plaintiff predicated the negligence of the defendant, we cannot now say that in doing the very same act, so far as the plaintiff is concerned, he did not assume the risk of falling to his injury as he did. Respondent, however, loses sight of the fact that the servant never assumes the risk of injury arising from the master's negligence. In the former trial the master was charged with failing to provide a platform on which plaintiff could stand to do this isolated task. In the present case the charge is, not a failure to provide a platform, but in giving an order which subjected the servant to an unnecessarily hazardous risk in the light of the fact that the master knew a platform would soon be erected at the place.

It is contended by respondent that the plaintiff could have remained seated in the block and tackle on

which he went up to the opening and placed this bolt in the hole without any danger and that by leaving his seat and attempting to do it as he did, he was choosing an unsafe way when a reasonably safe way was open to him, thereby making him guilty of contributory negligence. The evidence at most is conflicting on the question of whether plaintiff could have done this task by remaining in his seat on the block and tackle, and aside from this, his testimony clearly shows that the foreman was on the ground observing how he was doing it and directing him how to do it after he had seen plaintiff leave the block and tackle and get on the roof of the engine house.

We hold, therefore, that it is a question of fact to be determined whether the giving of the order under the circumstances detailed, amounted to negligence on the part of the master. If it did, the plaintiff did not assume the risk created by such negligence. And it is also a question of fact to be determined under the circumstances as to whether plaintiff was guilty of contributory negligence in undertaking to do what he did in the absence of any knowledge on his part that a platform would be erected at this place within fifteen or twenty minutes.

The judgment is reversed and the cause remanded. *Robertson, P. J.*, and *Sturgis, J.*, concur.