# CHANIE WILLIAMSON, Appellant, v. UNION ELECTRIC LIGHT and POWER COMPANY.

### In Banc, March 15, 1920.

1. **NEGLIGENCE: Safe Place: Narrow and Unlighted Platform.** A petition which states that deceased was ordered and directed to stand twelve feet above a concrete floor on a platform twelve inches wide, and while so standing to reach up six feet and regulate the dampers to a boiler; that the platform was unsafe, because too narrow for deceased to perform his labors with safety, because it had no railing to prevent a person on it from falling off and because it was inadequately lighted; and that, while performing the said work, deceased fell and was killed, states a cause of action. And particularly does the averment that it was dark on the platform tender an issue to be submitted to a jury.

2. ———: ———: **Assumption of Risk.** Although the height and narrow width of the platform on which deceased was required to work were apparent, and although the danger in adjusting the dampers of the boilers which his employment required him to regulate was apparent, he did not assume such risks; but he assumed only such risks, in respect to the place where he was put to work, as were incident to the service after his employer performed his duty by using care to provide a place of reasonable safety. Although the danger may be obvious, if this is due to a lack of care on the part of the master in furnishing him a safe place, the servant does not assume the risk.

3. ———: ———: **Contributory Negligence.** Unless to perform on the platform the work with which the servant was occupied at the time he fell appears conclusively from the allegations to have been plainly hazardous to a degree that would have deterred a man of ordinary prudence from undertaking to perform it, he cannot be defeated on the score of contributory negligence, as a matter of law, upon a demurrer to the petition.

Appeal from St. Louis City Circuit Court.—*Hon. Wilson A. Taylor*, Judge.

REVERSED AND REMANDED (*with directions*).

*W. R. Hill, Spencer & Donnell* and *T. F. McDonald* for appellant.

(1) The petition clearly alleges a cause of action flowing from a breach of the duty owed by defendant to Williamson, its employee. Coin v. Lounge Co., 222 Mo. 505; Clark v. Iron and Foundry Co., 234 Mo. 449; Burkard v. Rope Co., 217 Mo. 481; Nash v. Brick Co., 109 Mo. App. 606; Wendler v· House Furnishing Co., 165 Mo. 537; Yost v. Cement Co., 191 Mo. App. 431; Duerst v. St. Louis Stamping Co., 163 Mo. 621; Fisher v. Lead Company, 156 Mo. 485. (2) The petition does not show facts from which Williamson can be charged with having assumed the risk arising from the condition of his surroundings. Williams v. Pryor, 272 Mo. 621; George v. Railroad, 225 Mo. 406; Fish v. Railroad, 263 Mo. 124; Yost v. Cement Co., 191 Mo. App. 433; Strother v. Milling Co., 261 Mo. 24; Young v. Lusk, 268 Mo. 640; Dakan, v. Chase Co., 197 Mo. 267; Jewell v. Bolt and Nut Co., 231 Mo. 201; De Late v. Biscuit Co., 213 S. W. 885. (3) The petition does not allege facts which constitute contributory negligence on the part of Williamson, and inasmuch as the law is that, unless the only conclusion that can be drawn from the facts is that there was contributory negligence, the question is for the jury, and the demurrer to the petition should be overruled. Jewell v. Bolt and Nut Co., 231 Mo. 200; George v. Railroad, 225 Mo. 411; Williams v. Pryor, 272 Mo. 623; Pauck v. Provision Co., 159 Mo. 478; Yost v. Cement Co., 191 Mo. App. 433; Garaci v. Const. Co., 124 Mo. App. 719; Burkard v. Rope Co., 217 Mo. 481; Wendler v. House Furnishing Co., 165 Mo. 537; Carney v. Brewing Assn., 150 Mo. App. 437; Bowman v. K. C. Elec. Light Co., 213 S. W. 161; Osborne v. Wells, 211 S. W. 890; Barnard v. Brick Co., 189 Mo. App. 417.

*Jourdan, Rassieur & Pierce* for respondent.

(1) The servant is chargeable with knowledge of all conditions surrounding his employment, and of risks cre-

ated by these conditions, according as it may reasonably be inferred that those conditions or those risks would have been comprehended by a person of ordinary prudence whose mental and physical capacities, both natural and acquired, and opportunities for observing the facts indicative of danger, were the same. 4 Labatt's Master & Servant, sec. 1310, p. 3673; Porter v. Hannibal & St. Joseph Railroad, 71 Mo. 77; Hollenbeck v. Railroad, 141 Mo. 96; McGinnis v. Hydraulic Press Brick Co., 261 Mo. 287. If the risk is such as to be perfectly obvious to the sense of any man, whether master or servant, then even in the case of defective machinery, the servant assumes the risk. Keegan v. Kavanaugh, 62 Mo. 230; Price v. Hannibal & St. Joseph Railroad, 77 Mo. 508; Fugler v. Bothe, 117 Mo. 494; Saller v. Shoe Co., 130 Mo. App. 721; Jones v. Cooperage Co., 134 Mo. App. 330; Pollman v. Car & Foundry Co., 123 Mo. App. 228; DeForest v. Jewitt, 88 N. Y. 264. (2) Plaintiff, as servant of the defendant, was bound to inform himself as to his surroundings, and is held, as a matter of law, to have known and accepted all the risks of the premises which were open and obvious to the sense of any man. (a) This has been applied to overhead dangers, as where a railroad brakeman ran into an overhead bridge, or a driver drove under a low gateway. Devitt v. Railroad, 50 Mo. 302; Baker v. Asphalt Paving Co., 92 Fed. 117; Carroll v. Boston Coal Co., 81 N. E. 296. (b) The same is true as to dangers underfoot, such as risers between a hallway and a room or mud scrapers at the foot of a staircase. Ware v. Evangelical Baptist Assn., 63 N. E. 885; McGinnis v. Brick Co., 261 Mo. 287. (3) An employer is not an insurer against accidents, nor is it chargeable or responsible for not providing against all possible and unanticipated happenings. Glover v. Bolt & Nut Co., 153 Mo. 327; Fugler v. Bothe, 117 Mo. 494; Wendall v. Ry. Co., 100 Mo App. 556; Devitt v. Ry. Co., 50 Mo. 302; Hollenbeck v. Ry. Co., 141 Mo. 97. (4) The mere failure to furnish light does not of itself constitute negligence. Price v. Railroad, 77 Mo. 508; Cleveland Ry. Co. v. Morrey, 88 N. E. 932; 2

Bailey on Personal Injuries (2 Ed.), p. 1197.  Nor is the master required to furnish the safest kind of platform that can be devised.  He is merely required to exercise ordinary care in furnishing it.  The rule in that regard is the same as in furnishing appliances.  Friel v. Citizens Ry. Co., 115 Mo. 503.  Shohoney v. Railroad, 223 Mo. 677; Steinhauser v. Spraul, 127 Mo. 562.

GOODE, J.—Demurrers were sustained by the court to three petitions of plaintiff, who stood on the third one, refused to amend and prosecuted this appeal from a final judgment rendered against him.  This is the third amended petition, omitting caption and signatures:

"Plaintiff by leave of court first obtained files this her third amended petition and for her cause of action states that she was the lawful wife and now is the widow of Joseph Williamson, deceased, who died in the City of St. Louis, on the 8th day of December, 1914.

"That defendant, Union Electric Light & Power Company, is and at all times hereinafter mentioned was a corporation duly organized and existing under the laws of the State of Missouri, and engaged in supplying electricity, heat and power in the City of St. Louis, and was also engaged by and through its agents and servants in operating the electric machinery, engines, and steam boilers, and had control over the equipment and appliances used in connection therewith, in the Pierce Building in said city, and by means thereof supplied said building with electricity, heat and hot water service.

"That on all the dates hereinafter mentioned the said Joseph Williamson, deceased, husband of plaintiff, was in the employ of defendant Union Electric Light & Power Company as a fireman in said Pierce Building, and that his duties were to fire and assist in firing the steam boilers in said building and to regulate and assist in regulating the dampers on said boilers.

"That in order to regulate the damper on said boilers said deceased was ordered and required by defendant, its servants and agents to climb up a wooden ladder from

the floor of the boiler-room to a platform twelve feet above the floor, which said platform was twelve feet long and about ten or twelve inches in width and was fastened between two brick columns and against the rear wall of the furnace at the rear end of said boilers, and said deceased was compelled to stand on said narrow platform while regulating said dampers upon said boilers and reach up six feet above said platform in order to regulate and adjust said dampers; that said platform upon which it was necessary for deceased to stand in order to perform his duties was unsafe and dangerous in this, that it was too narrow a space wherein to perform his labors with safety, and that the same was not equipped with a railing.

"Plaintiff further states that it was exceedingly dark upon said platform and at the place where deceased was required to perform his labors and that defendant failed to exercise reasonable care to provide a reasonably safe place on which for plaintiff's husband to perform his duties, in this, to-wit, that said defendant negligently failed to put a railing around said platform or to widen the same to a width sufficient so that deceased would have been able to perform his duties thereon with safety, and negligently failed to provide adequate and proper lights on or near said platform.

"Plaintiff further states that said defendant knew, or by the exercise of reasonable care could have known, said platform was an unsafe place for deceased on which to perform his labors.

"Plaintiff further states that on, to-wit, the 4th day of December, 1914, while deceased was in the performance of his duty and was exercising ordinary care and while regulating said dampers on said boilers, and by reason of the narrow and unsafe platform on which he was compelled to work by defendant, and because of the negligent failure of defendant to properly light said platform and to widen said platform and equip the same with a railing, deceased lost his footing and balance and fell from said platform to the cement floor below, injuring himself and

fracturing his skull, and died as a result of said injuries on, to-wit, the 8th day of December, 1914.

"Plaintiff further states that she was wholly dependent upon the deceased for support and that his earning capacity was $—— per month, and that by reason of the negligence of the defendant aforesaid, she has been damaged in the sum of ten thousand dollars.

"Wherefore plaintiff prays judgment in the sum of ten thousand dollars, together with her costs in this behalf expended."

The alleged negligence of the defendant consisted in ordering and requiring deceased to stand twelve feet above the floor of the engine room of the Pierce Building, on a platform ten or twelve inches in width, and in that place regulate the dampers of the boilers by reaching six feet above the platform. This board or platform is alleged to have been unsafe because too narrow for deceased to perform his labors on with safety, and because it was inadequately lighted, and had no railing to prevent a person on it from falling off. We have concluded these averments, particularly the one that it was dark on the platform, tendered an issue to be answered and submitted to a jury, as to whether defendant fulfilled its duty as employer to use ordinary care to furnish its employee, the deceased, a reasonably safe place in which to perform his task of adjusting the dampers of the boiler.

Defendant asserts that the deceased assumed the risk of injury from working on the platform, because its height and dimensions were apparent, and whatever danger there was in adjusting the dampers while standing on it, was apparent, too. That the deceased assumed the risk, under those conditions, especially if they existed when deceased took his job, probably is the law in most jurisdictions. [1 Shear. & Redf. Negligence (6 Ed.), secs. 207e et seq., original Sec. 185, and cited cases.] It is not in this one. The doctrine of this court is that an employee only assumes such risks, in respect of the place where he is put to work, as are incident to the service after the employer has performed his duty by using care to provide a place

of reasonable safety. And although the danger of the place may be obvious, if this is due to lack of care on the part of the master to furnish a safe place, the servant does not assume the risk. Adjudications to the contrary may be found; but for a long time the rule of decision of the courts of this State on the subject has been as stated. [Williams v. Pryor, 272 Mo. 613, 621; Fish v. Railroad, 263 Mo. 106, 112; Curtis v. McNair, 173 Mo. 270.] Many other cases of the same character might be cited.

Neither can we accept the proposition that the deceased so obviously contributed by his own negligence to cause his death, that he should be ruled to have done so as a matter of law. Unless to perform on the platform the work he was occupied with when he fell, appears conclusively from the allegations to have been plainly hazardous to a degree that would have deterred a man of ordinary prudence from the task, the deceased cannot be defeated on the score of contributory negligence. [Williams v. Pryor, 272 Mo. l. c. 623; George v. Railroad, 225 Mo. l. c. 411; Jewell v. Bolt & Nut Co., 231 Mo. 201.] We are speaking now of the facts as shown in the petition. Of course on a trial it may be proved that the negligent way in which the deceased moved about the platform, or some other careless act of his, contributed to cause him to fall. The averments of the petition fall short of convicting the deceased of negligence beyond an inference to the contrary. Decisions on the subject are reviewed in Jewell v. Bolt & Nut Co., supra.

The judgment is reversed and the cause remanded, with directions to set aside the judgment and the order sustaining the demurrer and permit the defendant to answer, if so advised. All concur.