ROSIE McCARVER, Respondent, v. ST. JOSEPH LEAD COMPANY and R. S. FOSTER, Appellants.*

St. Louis Court of Appeals. Opinion Filed February 3, 1925.

1. **MASTER AND SERVANT:** Inspection: Duty of Servant to Inspect: Master's Liability. When the master delegates to the servant the

*(1) Master & Servant, 26 Cyc., p. 1254;

McCarver v. Lead Co. and Foster.

duty of inspection, the servant to whom this duty is delegated cannot recover for injuries received due to conditions which would have been discovered if an inspection had been made by such servant.

2. ———: ———: **Duty of Servant or Superintendent to Inspect: Evidence: Question for the Jury.** In an action by the wife to recover damages for the death of her husband caused by being struck by a slab of rock falling from the roof of a mine, while he was prying a small rock from the roof under direction of the mine superintendent, the question as to whose duty it was to inspect the mine roof being an issue upon which there was evidence both ways, the trial court properly submitted that issue to the jury.

3. ———: ———: **Negligence: Duty of Superintendent to Inspect Roof of Mine: Required to Use Ordinary Care for Miner's Safety.** Absent a delegated duty on the part of a miner to make his own inspection, it was the superintendent's duty, as the *alter ego* of the master, to exercise ordinary care in discovering the extent of the danger into which he ordered the miner, and to see that every reasonable precaution, on his part, to insure safety was taken.

4. ———: ———: ———: ———: **Superintendent's Negligence in Ordering Miner to Pry Down Rock Without Inspecting Roof: Question for the Jury.** In an action for the death of a miner struck by a slab of rock falling from the roof of the mine, the question whether defendant's superintendent was negligent in ordering the miner to pry down a small rock from the roof, without inspection as to the roof's condition, *held* a question for the jury.

5. ———: ———: ———: **Presumptions: Knowledge of Superintendent of Mine of Perils Attending Work Presumed to be Superior to Miner.** In an action for the death of a miner struck by a large slab of rock falling from the roof of a mine, it will be presumed in favor of the plaintiff, that the superintendent who had ordered the miner to work under such roof had knowledge of the perils attending the work superior to that of the miner.

6. ———: ———: ———: **Miner Prying Rock from Roof of Mine: Warranted in Assuming Superintendent had taken Reasonable Precaution for Safety.** A miner having been directed by the superintendent to pry down small loose rock from the roof of the mine under the superintendent's direction, had the right to proceed on the assumption that the superintendent had taken every reasonable precaution to determine whether the roof was in a reasonably safe condition for the performance of the work.

(2) Master & Servant, 26 Cyc., p. 1470; (3) Master & Servant, 26 Cyc., p. 1349; (4) Master & Servant, 26 Cyc., p. 1470; (5) Master & Servant, 26 Cyc., p. 1413; (6) Master & Servant, 26 Cyc., p. 1235;

7. ————: Assumption of Risks: Risks Arising out of Master's Negligence: Not Assumed. A servant by his contract of employment is not chargeable with the assumption of risks which may be obviated by the exercise of reasonable care and precaution on the master's part; he never assumes any risk that arises out of the negligence of the master.

8. ————: Negligence: Miner Not Negligent in Obeying Order Unless Danger Imminent. A miner struck by a slab of rock falling from the roof of a mine in which he was working, under the order of the mine's superintendent, was not negligent in obeying such order, unless in doing so he incurred a danger so imminent and glaring that no reasonably careful and prudent man would have obeyed the order.

9. ————: ————: Superintendent's Negligence in Ordering Miner to Work Under Unsafe Roof: Misfeasance, Not Nonfeasance, Rendering him Personally Liable.. Where a mine superintendent negligently ordered a miner to work under an unsafe roof, when by making a reasonably careful inspection he could have discovered that a large slab of rock was loose and likely to fall, his negligence was misfeasance, and not nonfeasance, for which he was personally liable.

(7) Master & Servant, 26 Cyc., p. 1225; (8) Master & Servant, 26 Cyc., p. 1273; (9) Master & Servant, 26 Cyc., p. 1544.

Appeal from the Circuit Court of St. Francois County.— *Hon. Peter H. Huck,* Judge.

AFFIRMED.

*W. E. Bennick,* and *C. J. Stanton* for appellants.

(1) The court erred as to both defendants in overruling both the joint demurrer and the separate demurrers filed by defendants at the close of all the evidence. (a) Defendants had the right to delegate to McCarver the duty of inspecting the back in stope 2385 of the mine and of taking down the loose rock therein. Livengood v. Lead & Zinc Co., 179 Mo. 229; Knorpp v. Wagner, 195 Mo. 637; Bradley v. Tea & Coffee Co., 213 Mo. 320; Trainer v. Mining Co., 243 Mo. 359; Shelton v.

Light, Power & Ice Co., 258 Mo. 534, 167 S. W. 544. (b) Since injury from falling back was a risk incident to the character of his employment, McCarver assumed the risk of the injury which caused his death. Livengood v. Lead & Zinc Co., 179 Mo. 229; Knorpp v. Wagner, 195 Mo. 637; Bradley v. Tea & Coffee Co., 213 Mo. 320; Trainer v. Mining Co., 243 Mo. 359; Britt v. Crebo, 199 S. W. 154. (c)  The neglect of McCarver, to whom had been delegated the duty of inspecting the back in stope 2385 and taking down the loose rock therein, to make a correct examination as to the extent of the loose rock, was contributory negligence.  Livengood v. Lead & Zinc Co., 179 Mo. 229; Trainer v. Mining Co., 243 Mo. 359; Anderson v. Granite & Const. Co., 178 S. W. 737; Mitchell v. Ice & Fuel Co., 206 Mo. App. 271, 227 S. W. 266.  (d) McCarver knew that Foster had made no inspection of the back other than to flash his light against it and that his order to McCarver to take down the loose rock constituted not an assurance of safety, but a warning that the rock was loose and likely to fall at any time. Knorpp v. Wagner, 195 Mo. 637; Snyder v. Mining Co., 206 S. W. 593; Henson v. Packing Co., 113 Mo. App. 618. (e) The authority of Foster to superintent McCarver's work and see that his contract was complied with did not change the *status* of McCarver under his contract.  McGrath v. St. Louis, 215 Mo. 191; Lofty v. Const. Co., 256 S. W. 83.  (2)  The court erred as to both defendants in giving instruction No. 1 for the plaintiff.  (a)  It assumes that McCarver was ordered to leave the part of the mine in which he was regularly employed and go to a place where he was not regularly engaged, when the evidence is undisputed that it was his duty to inspect the back and take down the loose rock in the entire stope 2385.  An instruction which is not predicated upon the evidence is erroneous.  Riley v. City of Independence, 258 Mo. 671, 167 S. W. 1022; Wellmeyer v. Transit Co., 198 Mo. 527.  (b)  The only negligence which it permits the jury to find against defendant Foster is nonfeasance, for which he is not personally liable to plaintiff.  Harriman

v. Stowe, 57 Mo. 93; Steinhauser v. Spraul, 127 Mo. 541; McGinnis v. Railroad, 200 Mo. 347; Hamm v. Railroad, 245 S. W. 1109; O'Neil v. Young, 58 Mo. App. 628.   (3) The court erred as to both defendants in giving instruction No. 2 for the plaintiff.   (a)   It incorrectly states the rule to guide the jury in determining the question of contributory negligence.   The rule given in this instruction is the one for the court and not for the jury.   Bradley v. Railroad, 138 Mo. 293; Bennett v. Lime Co., 146 Mo. App. 565.   (4)   The court erred as to defendant Foster in overruling defendants' joint motion in arrest of judgment for the reason that the petition does not state a cause of action against defendant Foster.   (a)   The alleged negligence of Foster, as set out in the petition, is nonfeasance, for which he is not personally liable to the plaintiff.   Harriman v. Stowe, 57 Mo. 93; Steinhauser v. Spraul, 127 Mo. 541; McGinnis v. Railroad, 200 Mo. 347; Hamm v. Railroad, 245 S. W. 1109; O'Neil v. Young, 58 Mo. App. 628.

*Marsalek & Stahlhuth* for respondents.

(1)   In determining whether the demurrer offered at the close of the evidence should have been sustained the court, on appeal, will accept the evidence in plaintiff's favor, and every reasonable inference therefrom tending to support plaintiff's case, as true.   In ruling upon the demurrer the court will not draw inferences of fact in defendants' favor to countervail or overthrow inferences in favor of plaintiff.   Hall v. Coal & Coke Co., 260 Mo. 351;   Knoche v. Pratt, 194 Mo. App. 300; Maginnis v. Railroad, 268 Mo. 667;   Buesching v. Gas. Co., 73 Mo. 219.   The demurrer cannot be sustained unless the evidence is such as to leave no room for men of reasonable intelligence to differ on an essential issue in the case.   Steffens v. Fischer, 161 Mo. App. 386.   (2)   The duty to inspect the place of labor and to maintain it in reasonably safe condition rests primarily upon the master, and the servant is entitled to rely up-

on the presumption that this duty has been performed. Stratton v. Baking Co., 237 S. W. 543; Minter v. Gidinsky, 228 S. W., 1078-9; Goode v. Coal Co., 179 Mo. App. 207; Gambino v. Coal Co., 180 Mo. App. 653; Gerard v. Coal Co., 207 Mo. 254; Clark v. Foundry Co., 234 Mo. 436. (3) The duty to inspect is owed by the master to a superintendent or foreman to the same extent as to any other employee, unless that duty has been exclusively delegated by the master of said foreman or superintendent. Nichols v. Plate Glass Co., 126 Mo. 55; Daniels v. Goeke, 191 Mo. App. 1; 3 Labatt, Master & Servant (2 Ed.), p. 2392; Mitchell v. Ice & Fuel Co., 106 Mo. App. 271. And where the duty of inspection or of maintaining a safe place is delegated to men on two shifts, the master is liable if the negligence of the men on one shift in that regard injuries an employee on the other shift. Zellars v. Water Co., 92 Mo. App. 107. (4) Foster's order to McCarver to take down the small rock which Foster pointed out to him constituted in the law an assurance to McCarver that the work could be performed with reasonable safety, upon which assurance McCarver was entitled to rely, especially in view of the fact that Foster, the superintendent, both by reason of his technical training and wide and varied experience in mining operations was in far better position than McCarver to judge of the advisability of removing the rock, and because Foster and the mine captain were better equipped to discover the condition of the roof than was McCarver. Keegan v. Kavanaugh et al., 62 Mo. 230; Sullivan v. Railroad, 107 Mo. 66; Herdler v. Range Co., 136 Mo. 3; Swearingen v. Mining Co., 212 Mo. 524. (5) The fact that the work was necessarily attended with some danger did not relieve the master from the duty to exercise reasonable care, but emphasized the importance and necessity of those having charge of the work proceeding carefully and cautiously, and under such circumstances, especially, is the master culpable if he

causes the servant's injury by ordering him into a position of peril which the master could have discovered before giving the order. Fleming v. Mining Co., 194 Mo. App. 212-214; Smith v. Kansas City, 125 Mo. App. 150; Highfill v. City of Independence (Mo. Sup.), 189 S. W. 801; Medley v. Mining Co., 207 S. W. 887. (6) Appellants' contention that the assumption-of-risk doctrine precludes plaintiff's recovery is not well taken. Liability in this case is bottomed upon negligence in ordering the deceased into a position of danger, which danger appellants could have discovered by making a reasonably careful inspection. The servant does not assume the risk arising from such negligence of the master under the law in this State. Wendler v. House Furnishing Co., 165 Mo. 536; Boten v. Ice Co., 180 Mo. App. 96; Bradley v. Coal Co., 167 Mo. App. 177; Kielty v. Construction Co., 121 Mo. App. 63; Burkard v. Rope Co., 217 Mo. 479; Huskey v. Boiler Co., 192 Mo. App. 377. (7) Plaintiff's instruction No. 2 properly told the jury that they could not find plaintiff guilty of negligence in obeying Foster's order unless McCarver's compliance with the order subjected him to glaring and imminent danger. Corby v. Tel. Co., 231 Mo. 417; Burkard v. Rope Co., 217 Mo. 481, and cases cited; Conroy v. Iron Wks., 62 Mo. 35; Fogus v. Railroad, 50 Mo. App. 268; 5 Thompson Negligence, sec. 5378; Carter v. Baldwin, 107 Mo. App. 277; Nash v. St. Joseph Lead Co., 238 S. W. 584. (8) Foster's negligent order to McCarver was not nonfeasance, but misfeasance, for which Foster was personally liable. Ordering a workman into a place of danger is a positive, affirmative act, although it may contain an element of neglect, or nonfeasance, in so far as it involves a failure to inspect before giving the command. Lottman v. Barnett, 62 Mo. 159; Harriman v. Stowe, 57 Mo. 93; Carson v. Quinn, 127 Mo. App. 522; Huskey v. Boiler Co., supra.

BRUERE, C.—Plaintiff brings this action to recover damages for the death of her husband, caused by the alleged negligence of the defendant and its employee R. S. Foster. Plaintiff obtained a verdict and judgment below for five thousand dollars, and defendants appeal.

The material allegations of the petition, in support of which evidence was introduced at the trial and upon which the case was submitted to the jury, are that on the 28th day of April, 1922, the deceased, Oliver H. McCarver, was employed by the defendant at its lead mine as a driller, and while thus employed was directed by the defendant, by and through its superintendent, R. S. Foster, to leave his regular place of work and to take down a small rock from the roof or back of one of the rooms of said mine, at a place other than the place in which said Oliver H. McCarver was regularly employed; that said roof was composed of rotten or insecure rock, which fact said defendants knew, or by the exercise of ordinary care could have known; that there was then in the said roof a large, extensive slab of rock which was loose and was likely to fall; that the back of said room was unsupported by pillars or props; that said Oliver H. McCarver, in compliance with said order undertook to remove said small piece of rock, and that while he was so engaged said large, heavy slab fell upon and injured him and that he died on the 21st day of August, 1922, as a result of said injuries.

The petition further avers that the injury and death of the deceased was directly caused by the negligence of the defendants in the following respects, to-wit:

"That the defendant Foster then and there, in a peremptory manner, negligently ordered plaintiff's husband immediately to take down said small loose rock in said room, although said defendant, by making a reasonably careful inspection of the roof of said room, could have discovered that the said large slab was loose and likely to fall, and was in a dangerous condition; that said Foster negligently failed to make a reasonably careful

inspection of said roof and negligently failed to sound the same before ordering plaintiff's husband to perform said work in said room.''

The answer of the defendant, St. Joseph Lead Company, is a general denial, a plea of assumption of the risk and a further plea that the injury sustained by the deceased was the result of his own negligence directly contributing thereto, in the following respects:

''First. In failing to exercise ordinary care to make a reasonably careful inspection of the back of that portion of the mine in which he was employed to ascertain the extent of the loose rock therein.

''Second. In placing himself upon a pile of rock directly underneath the loose rock which he was attempting to take down, and in gadding said loose rock down upon himself when he might have stood upon one of defendant's mine cars at the edge of said loose rock and under secure rock and from that position might have taken down said loose rock.''

The defendant, R. S. Foster, joined issue on the petition by filing a general denial.

At the close of the whole case the defendants requested the court to give to the jury a peremptory instruction to find for the defendants, which the court refused to give.

The errors assigned here go to the refusal of the trial court to give the peremptory instruction, to the giving of instructions 1 and 2, requested by the plaintiff, and to the overruling of defendants' motion in arrest of judgment.

The facts disclosed by the evidence are: The deceased was employed by the defendant, St. Joseph Lead Company, at its lead mine as a driller. In addition to his work as a driller he was a ''contractor,'' with the defendant, St. Joseph Lead Company, and as such was employed in the day shift, which consisted of three drillers and eight shovelers. The defendant Foster was the mine superintendent and was the highest man in authority at the mine. Mr. Duemler was the mine captain.

There was also a shift boss, who told the men what to do and where to work, and who directed the contractors where to put the men to work and what work they should do.

On the day of the accident the deceased was operating his drill in said mine, when the defendant Foster, the mine superintendent, accompanied by mine captain E. H. Duemler, came into the mine on an inspection tour. Mr. Foster and Mr. Duemler carried large carbide lights with reflectors in their hands. These lights were larger and threw more light than the small lights the miners wore in their caps. With the aid of his light Mr. Foster noticed in the roof of the mine (which was about twenty feet high) a small rock which was loose. The rock was directly above a pile of rock that had previously been shot down by the night shift. At the place where the loose rock was discovered no work had been done for two and three days before the accident. Upon discovering the loose rock Mr. Foster approached the deceased, who was operating a drill about twenty-five feet away, and ordered him to stop drilling and take down said rock. It appears that the deceased first objected, stating that there was no one working under it, whereupon Foster again directed the deceased "to stop right then and take the loose rock down before he did anything else." Foster pointed out to the deceased the said small piece of rock by throwing his light on it. In compliance with Foster's order, the deceased took a bar and got upon the said pile of rock and began to pry down the loose rock which Foster had indicated, and while so engaged a large loose slab of rock, which was behind him and formed part of the mine, fell across his back, injuring him so seriously that he died August 21, 1922.

The evidence tended to show that the usual and proper method of examining the roof of a mine, in order to ascertain whether it can be safely worked under, is by tapping or sounding it with a hammer, and that the dangerous condition of the slab that fell upon the deceased

could have been discovered by this method of inspection.

The evidence showed, without contradiction, that Mr. Foster did not make an inspection of the roof of the mine, to determine the extent of the loose rock, before directing the deceased to take down the small piece of loose rock.

The evidence on the part of the defendant consisted of the testimony of the defendant R. S. Foster. He testified that the deceased, at the time of his injury, was in the employ of the defendant as a driller, and in addition thereto was a "contractor" with defendant, St. Joseph Lead Company, to get out ore in that part of the mine where he was injured; that his duties as contractor required him to keep' the roof or back of the slope, in that portion of the mine in which he was employed, in a safe condition, which entailed the inspection and taking down of any loose rock that needed to be taken down.

The evidence, as to the duties of the deceased with respect to making an inspection of the roof or back of the slope in the mine and keeping the same in a safe condition, was in conflict. There was evidence adduced which tended to show that it was not the duty of a contractor, working as McCarver was, to inspect any place except the place where he was drilling, and that it was not the duty of the deceased to inspect the roof or back of the slope in the mine at the place where he was injured.

Evidence was also introduced which tended to show that the rock which fell and caused McCarver's injury was slate rock which contained no lead, and that it was the practice at said mine not to take down such rock, but for the post setters to prop it up to avoid the expense of breaking it up and hauling it out of the mine.

In support of the first error assigned, it is contended; first, that it was McCarver's duty to inspect the roof of the mine, at the place where he was injured, and that his breach of that duty constitutes a bar to the maintenance of this action; second, that McCarver assumed the risk of the injury which caused his death.

Touching the first contention, we acknowledge the rule of law invoked, by counsel for defendants, that when the master delegates to the servant the duty of inspection, the servant to whom this duty is delegated cannot recover for injuries received due to conditions which would have been discovered if an inspection had been made by such servant. However, under the facts in this case, we do not think that the rule of law invoked will defeat recovery in this case as a matter of law. The evidence is not conclusive that the duty of inspection was delegated to McCarver. The question as to whose duty it was to inspect the mine roof was an issue upon which there was evidence both ways, and, therefore, the trial court properly submitted that issue to the jury.

Coming to the second contention, the defendant Foster was intrusted by the defendant, St. Joseph Lead Company, with the authority to superintend, direct and control McCarver in the performance of the work in which he was engaged at the time he was injured. Absent a delegated duty on the part of McCarver to make his own inspection, it was Foster's duty, as the *alter ego* of the St. Joseph Lead Company, to exercise ordinary care in discovering the extent of the danger into which he ordered McCarver, and to see that every reasonable precaution, on his part, to insure safety was taken. To perform this duty it was incumbent upon Foster, according to the evidence adduced, to have inspected the roof of the mine, by sounding the same with a hammer, in order to determine whether such roof, under which he directed McCarver to work, was in a reasonably safe condition for the performance of the work which McCarver was ordered to do.

Such an inspection, made with reasonable care, would have disclosed the particularly hazardous condition of said roof, in that there was then in the roof said large slab of rock, which was likely to fall and injure McCarver while he was prying down the small rock which Foster had ordered him to remove. The adverse shows conclusively that no such inspection was made. Neither did

the evidence show that McCarver knew of the hazardous condition of the roof. and the attendant risk. Under the evidence adduced it was a question of fact, to be determined by the jury, whether the giving of the order amounted to negligence on the part of said superintendent. [Mount v. Western Coal & Mining Co., 294 Mo. 603, l. c. 610, 242 S. W. 943; Fleming v. What Cheer Mining Co., 194 Mo. App. 206, 186 S. W. 1115; Snyder v. Media Mining Co., 206 S. W. 593; Mitchell v. Ice & Fuel Co., 206 Mo. App. 271, 227 S. W. 266; Swearingen v. Mining Co., 212 Mo. 524, 111 S. W. 545; Medley v. Parker-Russel Min. & Mfg. Co., 207 S. W. 887; Highfill v. City of Independence, 189 S. W. 801.]

Again it will be presumed that Foster had superior knowledge of the perils attending the work he ordered McCarver to do, and this presumption must prevail in favor of the plaintiff. Having been directed by Foster to pry down the small loose rock from the roof of the mine, McCarver had the right to proceed on the assumption that Foster had taken every reasonable precaution to determine whether such roof was in a reasonably safe condition for the performance of said work. The unqualified order of Foster was tantamount to an implied assurance that the roof was reasonably safe and McCarver had a right to rely on said assurance. [Bane v. Irwin, 172 Mo. 306, 72 S. W. 522; Clark v. Iron & Foundry Co., 234 Mo. 436, l. c. 450, 137 S. W. 577; Barnard v. Brick Co., 189 Mo. App. 417, l. c. 421, 176 S. W. 1108; Keegan v. Kavanaugh, 62 Mo. 230, l. c. 232; 4 Labatt on Master & Servant, sec. 1364, p. 3940; 2 Cooley on Torts, p. 1135.]

In view of our holding that the evidence shows that the giving of the order under the circumstances detailed amounted to negligence, the contention that McCarver assumed the risk of the injury which caused his death cannot be maintained. The servant by his contract of employment is not chargeable with the assumption of risks which may be obviated by the exercise of reasonable care and precaution on the master's part; he

never assumes any risk that arises out of the negligence of the master. [Mount v. Western Coal & Mining Co., 294 Mo. 603, l. c. 613, 242 S. W. 943; Fisher v. Webb-Kunze Const. Co., 263 S. W. 1022; Huskey v. Heine Safety Boiler Co., 192 Mo. App. 370, 181 S. W. 1041; Williamson v. Light & Power Co., 281 Mo. 544, l. c. 549, 219 S. W. 902; Williams v. Pryor, 272 Mo. 613, l. c. 621; 200 S. W. 53; George v. Railroad, 225 Mo. 364, l. c. 407, 125 S. W. 196; Johnson v. Brick & Coal Co., 276 Mo. l. c. 53, 205 S. W. 615; Charlton v. St. L. & F. R. R. Co., 200 Mo. 413, 98 S. W. 546.]

Coming to the second assignment of error the objection to instruction No. 1, requested by the plaintiff, is predicated upon the assumption that the evidence is undisputed that the duty to inspect the mine roof was delegated to McCarver. Inasmuch as said assumption is unwarranted, the objection to said instruction is without merit.

The next assignment of error relates to the giving of instruction No. 2, requested by the plaintiff. This instruction, in view of the evidence in this case, properly told the jury that McCarver's compliance with Foster's order, if any, would not constitute negligence on the part of McCarver unless the jury found that in obeying said order McCarver incurred a danger so imminent and glaring that no reasonably careful and prudent man would have obeyed said order, if any.

Said instruction is in substantial conformity with the doctrine laid down in the following decisions of our Supreme Court. [Corby v. Telephone Co., 231 Mo. 417, l. c. 442, 132 S. W. 712; Evans v. General Explosives Co., 293 Mo. 364, l. c. 381, 23 S. W. 487; Burkard v. Rope Co., 217 Mo. 466, l. c. 481, 117 S. W. 35; Conroy v. Vulcan Iron Works, 62 Mo. 35; Swearingen v. Mining Co., 212 Mo. 524, l. c. 537, 111 S. W. 545; Wendler v. People's House Furnishing Co., 165 Mo. 527, l. c. 536, 65 S. W. 737; Sheperd v. Transit Co., 189 Mo. 362, l. c. 371, 87 S. W. 1007.]

Addressing ourselves to the last assignment, it is contended that the court erred in overruling defendant's motion in arrest of judgment for the reason that the petition does not state a cause of action against defendant Foster. In support of said contention it is urged that the negligence of Foster, as set out in the petition, is nonfeasance, for which he is not personally liable to the plaintiff.

The distinction between mere nonfeasance and misfeasance, as applied to the servant's liability to third persons, is considered in 7 Labatt's Master and Servant, where at page 7974, the author said: "We think the term nonfeasance refers to the omission on the part of the agent to perform a duty which he owes to the principal by virtue of the relationship existing between them, but whenever the omission on the part of the agent consists of his failure to perform a duty which he owes to third persons, then, as to such third persons, his omission amounts to misfeasance for which he is responsible."

Again on page 7978, said author said: "If an agent undertakes to perform certain acts for another and he refuses or fails to enter upon such performance, it is a nonfeasance, but if he once begins the performance of such acts, and in doing so, fails or omits to do certain acts which he should have done, whereby a third person is injured, it is not a nonfeasance, but a misfeasance. Misfeasance may involve the omission to do something which ought to be done; as where an agent engaged in the performance of his undertaking omits to do something which it is his duty to do under the circumstances, as, when he does not exercise that degree of care which due regard for the rights of others requires."

In the instant case Foster, actually entered upon the performance of his duties to his principal, and, in doing so failed to use reasonable care and diligence in the performance of his duties, in that he directed McCarver to pry down the small loose rock in the roof of the mine

without ascertaining the particularly hazardous condition of said roof, although this condition could have been discovered by the ordinary method of tapping the roof with a hammer. The negligence of Foster, as set out in the petition, was not nonfeasance, but misfeasance, for which he is personally liable to the plaintiff. [Carson v. Quinn, 127 Mo. App. 524, 105 S. W. 1088; Orcutt v. Century Bldg. Co., 201 Mo. 424, 1. c. 447, 449; Baird v. Flour Mills Corporation, 203 Mo. App. 432, 1. c. 437, 438; Harriman v. Stowe, 57 Mo. 93, 1. c. 99; Lottman v. Barnett, 62 Mo. 159, 1. c. 168; Mechem on Agency, sec. 572; 2 Clark & Skyles on Law of Agency, secs. 595, 596.]

It follows that the judgment should be affirmed. The Commissioner so recommends.

PER CURIAM:—The opinion of BRUERE, C., is adopted as the opinion of the court. The judgment of the circuit court of St. Francois county is accordingly affirmed. *Daues, P. J.,* and *Becker* and *Nipper, JJ.,* concur.